JOHN HEREFORD V. T. I. TILSON ET UX.

No. A-1137. Decided March 26, 1947.
Rehearing overruled April 30, 1947.
(200 S. W., 2d Series, 985.)

*E. P. Bryan,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that the instruments relied upon by the Tilsons sufficiently designated the property to make a valid conveyance of the real property involved under the Statute of Frauds. Jones v. Carver, 59 Texas 293; Wilson v. Fisher, 144 Texas 53, 188 S. W. (2d) 150; Osborne v. Moore, 112 Texas 361, 247 S. W. 498.

*Shelby S. Cox,* of Dallas, for respondents.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a suit filed by T. I. Tilson et ux, respondents, against John Hereford, petitioner, for specific performance of an alleged contract to convey real estate. A trial court judgment for the Tilsons was affirmed by the court of civil appeals. 198 S. W. (2d) 275.

By bill of sale executed on April 4, 1944, Hereford sold to the Tilsons "all that certain business heretofore known as Kallus Grocery, conducted at No. 1805 South Haskell, Dallas, Texas."

On the same day, by written instrument, Hereford leased to the Tilsons the real estate in suit, describing it as "lying and being situated in the City of Dallas, and County of Dallas, State of Texas, and being the real property and buildings located at No. 1805 South Haskell, Dallas, Texas." The lease was to expire April 9, 1945, with an option of renewal for four years. It also gave the Tilsons an option to purchase the leased premises on or before April 9, 1945, for $4,200.00 cash; and upon exercise of the option Hereford was to execute and deliver to the Tilsons a general warranty deed conveying "said porperty" to them.

In January, 1945, the Tilsons notified Hereford that they were exercising this option to purchase and tendered him for execution a general warranty deed, which conveyed to them, for $4,200.00, "the following described property, lying and being situated in the County of Dallas, State of Texas, more fully described as follows: Being a part of Lots One (1) and Two (2) in Block A/1446 of Wm. O. Watt's First Addition to the City of Dallas, Texas, according to the plat thereof recorded in Vol. 1, page 151 of the Map Records of Dallas County, Texas, and being more particularly described by metes and bounds as follows: Beginning at an iron pipe for corner in the South line of Haskell Avenue at a point which is 44.35 feet West along said South line of Haskell Avenue from the Northeast corner of said Lot 1; thence West along the South line of Haskell Avenue, 38.2 feet to an iron pipe for corner; thence South and at right angles with said South line of Haskell Avenue, 53.4 feet to an iron pipe for corner in the Northeast line of Fitzhugh Avenue; thence Southeast along said Northeast line of Fitzhugh Avenue, 34.4 feet to an iron pipe for corner; thence Northeast and at right angles with said Northeast line of Fitzhugh Avenue, 25.6 feet to a steel stake for corner; thence Northwest, a distance of 12.8 feet to a point in the center of a walk-way between a one-story brick store building and a two-story frame residence; thence North along the center of said walk-way 44 feet to the place of beginning, being known as No. 1805 South Haskell Avenue."

At the same time the Tilsons made tender of the $4,200.00 consideration called for in the option and recited in the deed, and they renewed it when they filed this suit.

In their petition the Tilsons described the land exactly as they had in the deed tendered Hereford for execution. In the alternative, they alleged that if the property so described "is not the property contracted in said contract to be conveyed, * * * the description of said property is as follows: The following described property, to-wit: Lying and beginning in the City of Dallas, and County of Dallas, State of Texas, being the real property and buildings located at No. 1805 South Haskell, Dallas, Texas, formerly occupied by the business heretofore known as Kallus Grocery."

Hereford answered that when the lease and option to purchase were executed and continuously thereafter to the time of this suit, he owned the following property: "Being a part of Lots One (1) and Two (2) in Block A/1446, Watts First Addi-

tion to the City of Dallas, Texas, according to the Map Records of Dallas County, Texas, and described as follows: Beginning at iron pipe in South line of Haskell Avenue 47.1 feet West of the Northeast corner of said Lot 2; thence West along the South line of Haskell Avenue 97.7 feet to point for corner; thence South at right angles with said South line of Haskell Avenue 53.4 feet to iron pipe for corner in Northeast line of Fitzhugh Avenue; thence Southeast along said Northeast line of Fitzhugh Avenue 46.3 to an iron pipe for corner 38 feet from the Southeast corner of said Lot 2; thence in a Northeasterly direction 103.9 feet to the place of beginning."

Hereford answered, further, that when the purchase option was given there were two buildings on these lots: A two-story residence, in which he resided and which was located on the east side, and a one-story brick building on the west side of the lot, in which he was operating the grocery store leased to the Tilsons; that several feet of vacant ground lay between the two buildings, with no dividing line between them; that there was nothing on the lot indicating where each building extended and the ground connected therewith, and nothing of record dividing such lot showing those facts, and nothing to indicate with what building the vacant ground between the buildings belonged; that the same condition existed while Kallus operated the grocery and has so continued until now; and "since said contract does not describe any property with sufficient certainty to identify what real estate was being contracted to go with the store building, and was not sufficiently described to satisfy the statute of frauds * * *, said contract is unenforceable and void."

By cross-action Hereford asked judgment for possession of the premises held by the Tilsons under the lease, as well as for rents from February 10, 1945, until final judgment.

Before closing their testimony the Tilsons made this statement: "We hereby in open court waive the right to have deeded to us the land which lies east of the east wall of the store building and north of the northeast wall of the chicken shed ('wood shed') and southeast of the southeast wall of the chicken shed; we will waive all rights to everything east of the main building; everything north of the north wall of the chicken house and everything southeast of the southeast wall of the wood shed."

Pursuant to this waiver the trial court gave the Tilsons judgment for a part of Lots 1 and 2 of Wm. O. Watt's First Addition to the City of Dallas, as follows: "Beginning at a point

for corner in the South line of Haskell Avenue, which point is 45.95 feet West along said South line of Haskell from the N. E. corner of said Lot No. 1; Thence West along the South line of Haskell Avenue 36.6 to an iron pipe for corner; thence South, and at right angles with said South line of Haskell Avenue, 53.4 feet to an iron pipe for corner on the N. E. line of Fitzhugh Avenue; thence S. E. along said N. E. line of Fitzhugh Avenue, 33.7 feet to an iron pipe for corner; thence N. E., and at right angles with said N. E. line of Fitzhugh 25.3 feet to the N. E. corner of a wooden shed ('wood shed'). Thence Northwesterly, and at right angles with said 25.3 feet line, to a point at the juncture of a brick wall of a store building and said wooden shed; and, thence North with said brick wall of said store building 52.1 feet to the place of beginning."

The following sketch construed from plats offered in evidence shows the property covered by the several descriptions above recited.

A B C D is the portions of Lots 1 and 2 owned by Hereford when the lease and purchase option were executed. A B F G H E is the property sued for by the Tilsons as described by metes and bounds in their petition; and it is the property so described in the deed which they tendered Hereford for execution A B K M. N J is that portion of Hereford's property which was awarded

the Tilsons by the trial court's judgment following their waiver as to other portions.

The field notes used in the deed tendered Hereford for execution were made by Tilson's surveyor in January, 1945. Tilson testified that the surveyor ran and established the lines F G H E "like I told him to." The surveyor testified that he "saw no record" in making the notes; that he made the line E H G "trying to establish a line whereby they could divide the property"; that there was only "an open space" between the buildings; and that what he did was without Hereford's knowledge or permission.

██ Subdivision 4, of Art. 3995, R. S. 1925, expressly provides that a contract for the sale of real estate cannot be enforced in the courts of this State unless the agreement is in writing and signed by the party sought to be charged. This provision of the Statute of Frauds and Fraudlent Conveyances, which was adopted in this State in 1840, has been construed many times by this court, a recent decision being Wilson v. Fisher, 144 Texas, 53, 188 S. W. (2d) 150. We are definitely committed to the proposition that the essential elements of such a contract may never be supplied by parol evidence. A reasonably certain description of the land agreed to be conveyed is one of these essential elements. In Jones v. Carver, 59 Texas, 293, it is said, "The object of the statute would be defeated, and the very evil intended to be provided against introduced and stimulated, if so material an ingredient in the contract as a definition and description of its subject matter were allowed to be proved by parol."

█ Of course, where the land referred to in the writing is all the land the party to be charged owns in a given locality, it is sufficient to describe it in such general terms as "a certain tract of land, being my own headright, lying on Rush Creek, in the cross timbers," as in Fulton v. Robinson, 55 Texas, 401. But even that case recognizes that the general rule is as stated in Wilson v. Fisher and Jones v. Carver, supra. So, in the case at bar, the description of the property in suit as "the real property and buildings located at No. 1805 South Haskell, Dallas, Texas," being, as the Tilsons allege, the property and buildings formerly occupied by the Kallus Grocery, would doubtless be a sufficient description of the land to render the contract enforceable, if it had been the only property owned by Hereford in that locality.

█ But the difficulty lies in the fact that it was only a part of

the land owned there by Hereford, plus the fact that there was nothing of record or on the ground when the purchase option was executed to distinguish what the Tilsons were to get from what Hereford was to keep. From those circumstances arises the question: What part of the larger tract did Hereford agree to convey to the Tilsons? In other words, what part of the tract A B C D, shown on the sketch, was taken up by "the real property and buildings located at No. 1805 South Haskell, Dallas, Texas?" That this question cannot be answered with reasonable certainty appears to have been recognized by the Tilsons themselves. In the deed which they demanded that Hereford execute, as well as in their petition for specific performance, they started at E and for a distance of 44 feet south to H they took one half of the space between the grocery store and Hereford's residence. Then, at H they veered off to the southeast 12.8 feet to the point G, whence they proceeded southwest 25.6 feet to the point F, thereby taking not only the odd-shaped piece of ground northeast of the wood shed and southwest of the line H G but a strip of land from G to F which was only .7 feet wide behind and southeast of the wood shed. With nothing of record and nothing on the ground to indicate how much of the ground between the two buildings belonged to each, what warrant was there for them to claim the half of it? Certainly there is nothing in the bill of sale, the lease or the option and nothing referred to in any of those instruments by which it could be determined with any reasonable degree of certainty that none, some fractional part or all of the ground between the two buildings belonged to "the real property and buildings located at No. 1805 South Haskell, Dallas, Texas, formerly occupied by the business heretofore known as Kallus Grocery." Evidently they concluded that the writings in question would not support them in that claim because in their waiver they disavowed any right to the land outlined on the sketch by the letters F G H E J N M K and took judgment for that portion marked by the letters A B K M N J. If there is anything in the writings which authorized them to claim that the land on the southwest side of the wood shed was a part of the property and buildings at No. 1805 South Haskell formerly occupied by the Kallus Grocery, why was it not equal authority for them to demand the narrow strip K F, a part of which is also southwest of the wood shed and a part of which is behind the wood shed? Or, if they were warranted by anything in the bill of sale, the lease or the option to claim the land southwest of the wood shed, why would not those instruments as cogently support them in claiming the land north-

east of the wood shed or all the strip of land behind the wood shed up to the line C D?

These are only some of the questions that suggest themselves in this case, but we think they are sufficient to prove the wisdom of the rule that a reasonably certain description of the land agreed to be conveyed is one of those essential elements which, under the statute of frauds, cannot be supplied by parol evidence.

Although the Tilsons did take possession of the grocery store under the lease, the considerations stated by us in holding the description in the written instrument inadequate would make it equally impossible to give a reasonably certain description of the parts of Lots 1 and 2 that went into their possession, without resorting to parol evidence.

We hold, therefore, that the contract sued on by the Tilsons cannot be enforced, because of the provisions of Art. 3995, sub-div. 4, supra.

Accordingly, both judgments below are reversed and the cause is remanded to the district court with instructions (1) to enter judgment that respondents Tilson et ux. take nothing; and (2) to enter judgment in favor of petitioner Hereford against Tilson et ux. for possession of the premises held by them under the lease as well as for such rents as may be adjudged to be due by the Tilsons to Hereford from February 10, 1945, to the date of the judgment.

Reversed and remanded, with instructions.

Opinion delivered March 26, 1947.

Rehearing overruled April 30, 1947.