Leon **FRIEDLANDER**, Appellant,

v.

Max N. **CHRISTIANSON**, Appellee.

No. 13361.

Court of Civil Appeals of Texas.

Houston.

Jan. 29, 1959.

Bailey & Blum, Ben Blum, Houston, for appellant.

A. Milton Vance, Houston, for appellee.

BELL, Chief Justice.

The appellant sued appellee to recover a real estate commission alleged to be owing because of the sale of property belonging to appellee. The trial court granted the motion for summary judgment filed by appellee, stating in the judgment as his reasons for giving such judgment that the sale was not made within the time provided in the contract sued upon, and that the description of the property given in the contract of employment was insufficient under Article 6573a, Sec. 28, Vernon's Ann. Tex.St. The contract upon which the suit is based reads as follows:

"Exclusive Listing Agreement
"Expiration Date July 7, 1956
"Houston, Texas
"May 7th, 1956
"To: Leon Friedlander
"For and in consideration of your agreement to list and for your efforts to find a purchaser, I/we Max N. Christianson, Owner, the undersigned, hereby authorize and give you, the above named Agent the exclusive right, privilege, and agency for a period of 60 days from this date, and thereafter until written notice of termination of this agreement is given, to sell at a price of $60,000.00 or any sum that I/we may accept, the property described as follows, to-wit:
"5535 Armour
"If said property is sold or exchanged during the term of this agreement, or if sold within three (3) months after the expiration of this agreement to any purchaser to whom it may have been submitted by the above named Agent before the expiration of this agreement, I/we agree to pay you a commission of 5% of the sale price.
"I/we agree to furnish title policy and make proper conveyance of this property.

"Accepted:

"/s/ Leon Friedlander    /s/ Max N.
                                        Christianson
"By 5/7/56                  Owner"

On the reverse side of the contract was a printed form, which we need not set out in detail, which generally called for information as to the lot size, the availability of utilities, the number of rooms in the building, the type of construction, distance from school, etc. The only portion of the form filled out was in the blank spaces appearing after the words "Owner," "Address" and "Phone." In these spaces appeared the name of appellee, "5535 Armour" and "WA 32809." In the space under the word "Remarks" appeared "Seller operates Christianson Equipment Company on property."

It will be noticed that nothing on the reverse side of the contract appears above the signature of anyone and there is no reference whatsoever in the contract to any part of the reverse side.

The record in this case consists wholly of the pleadings, the requests for admissions filed by appellant, and the appellee's reply to such request.

Appellant contends the description given is sufficient when the whole is considered, attaching significance to the following:

1. The contract is headed "Houston, Texas."

2. The address given is "5535 Armour."

3. The name of appellee is signed in the space designated "Owner."

4. On the reverse of the signed contract after the word "Owner" appears appellee's name.

5. Also on the reverse side after the word "Address" appears "5535 Armour."

6. Further, under the word "Remarks" appears "Seller operates Christianson Equipment Company on property."

7. Apparently appellant also contends the parties had discussed the property and had been on it and knew the property involved and its area and that the property

was described by metes and bounds in two deeds duly recorded, the recording data being set out in appellant's petition.

8. Too, it was alleged appellee owned on Armour Drive only that property numbered "5535" and that was the only property used by Christianson Equipment Company.

The following are the requests for admissions and the answers that appellant contends are of significance:

1. "That the Defendant formerly did business at 5535 Armour Drive in Houston, Texas."

Answer: The defendant formerly did business there in the sense that he was owner of the majority of the capital stock in Christianson Equipment Company which occupied a building known as 5535 Armour Drive. Defendant conducted his own business at 5519 Lawndale.

2. That Defendant formerly owned Christianson Equipment Company.

Answer: "This Defendant formerly owned the majority of the capital stock of Christianson Equipment Company."

5. Without setting out verbatim the request, it asked the admission of ownership by Defendant of a tract of approximately 16,240 square feet of specifically described land. The description is by metes and bounds.

Answer: "The Defendant did at one time own the tract of land described in Question No. 5."

6. The inquiry here was as to Defendant's ownership of a specifically described 33,306.845 square feet.

Answer: "The Defendant did at one time own the tract of land described in Question No. 6."

7. "That the property described in questions 5 and 6 above is known as 5535 Armour Drive in Houston, Texas."

Answer: "There was situated upon the property described in Question 5, a build-ing, and said building was numbered 5535 Armour Drive and was in Houston, Texas. There was no building situated on the tract described in Question No. 6 and no street number had been assigned to that tract."

15. That sometime prior to July 7, 1956, Plaintiff brought A. G. Sollberger to the Defendant's place of business on Armour Drive, Houston, Texas, the address being 5535 Armour Drive, and there discussed the purchase of the property between Defendant and A. G. Sollberger.

Answer: "It is true that Plaintiff brought A. G. Sollberger to the Defendant prior to July 7, 1956 and that discussion was had in the building known as 5535 Armour Drive relating to the purchase of property by A. G. Sollberger from the Defendant."

17. "That Defendant knew that A. G. Sollberger was shown the property by Plaintiff."

Answer: "The Defendant knew that Plaintiff showed the property belonging to Defendant to A. G. Sollberger at some time prior to July 7, 1956."

19. "That the Defendant owned no property in Houston, Texas, at 5535 Armour."

Answer: "The Defendant at one time owned property in Houston, Texas, upon which was situated a building known as 5535 Armour Drive."

Both tracts of land described in appellant's requests Nos. 5 and 6 were subsequently sold by the appellee himself to A. G. Sollberger. Appellant seeks to recover a 5% commission of the sale price of both tracts.

We have reached the conclusion that the description given in the writing is insufficient to comply with the requirements of Article 6573a, Sec. 28, V.A.T.S.

Under this statute, before a real estate dealer may recover a commission for the sale of real estate the contract must

describe the real estate to be sold with the same certainty that is required by the Statute of Frauds, Article 3995, V.A.T.S., which latter Article deals with contracts for the sale of real estate.

■ The rule applicable has many times been stated and is generally well understood. The writing must furnish within itself, or by reference to some other writing, the means or data by which the land may be identified with reasonable certainty. Parol evidence may not be employed to supply a deficiency. Parol evidence may be employed only to apply the descriptive data so as to locate the land. Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468; Wiseman v. Zorn, Tex.Civ.App., 309 S.W.2d 253, no writ history. This Court, in the last cited case and in Blum v. Dismuke, 314 S.W.2d 635, had occasion to review the various authorities and no useful purpose could now be served by doing more than to apply the admitted rule to the contract before us.

■ The contract before us has a dateline "Houston, Texas." The presumption is, therefore, that the property is located in Houston, Texas. Krueger v. W. K. Ewing Co., Inc., Tex.Civ.App., 139 S.W. 2d 836. Then there appears the address "5535 Armour." The contract is signed by appellee on the line immediately under which the name "Owner" appears. The result is that you have the owner of 5535 Armour, Houston, Texas, agreeing that such property may be sold. However, when you attempt to locate what 5535 Armour Drive is you run into difficulty. When trying to apply the descriptive data given in the contract you cannot determine what is included. The facts show that 5535 Armour Drive is a building. It is located on a tract of land described by one deed into appellant, but appellant owns

an adjacent tract that came to him by another deed. Appellant contends that both tracts constituted 5535 Armour. However, it appears that there are no improvements on the second tract and no markings on the ground actually showing what land area goes with the building numbered 5535 Armour. There does not appear to be anything at all indicating that 5535 Armour designated anything other than a building and the land area beneath it. There is no showing that anything other than the building itself is 5535 Armour. Appellant contends that since on the reverse side of the contract under the word "Remarks" it is stated "Seller operates Christianson Equipment Company on property" this language is a part of the description. The difficulty with such a contention is that the reverse side legally constitutes no part of the contract. It is unsigned and there is absolutely no reference to it in that part of the writing on the front side of the paper which is signed by appellant. However, even if it could be considered, we do not think it would aid, because the facts show only the building was in use by the company. No particular area of land is shown on the ground as going with the building. Factually we feel this case is in substance no different from Hereford vs. Tilson, supra. It is no comfort to appellant to show that the parties knew what property was covered. Such evidence is but an attempt to establish by parol a deficiency in the writing.

Appellant has cited the case of Parks v. Underwood, Tex.Civ.App., 280 S.W.2d 320, n. r. e. From that case it appears the house was described and the street address was given. It does not appear that the city of its location was given. It was stipulated that the street was in Dallas and this was the only property owned on that street by the defendant. The contract stated the defendant was the owner. The Court held the description in the contract, together with the stipulation, was sufficient. We are unable to reconcile such holding with the cases reviewed in Wiseman v.

Zorn, supra, because no location of the street was given in the contract and we think the stipulation supplying its location was supplying a deficiency by parol. Too, it is to be noted that the Court of Civil Appeals actually denied the real estate agent recovery of his commission on the ground that the listing with him had expired and though there was an attempt to extend it by parol there was such a change in the terms of the original contract that the parol extension was invalid. The Supreme Court refused a writ of error because of the presence of no reversible error. We, therefore, feel such case not to be controlling here.

■ Appellee contends the trial court acted correctly because under the terms of the contract appellant was not entitled to a commission unless the property was sold prior to the expiration of the term, which appellee alleges to have been July 7, 1956, or, unless the property was sold to a person to whom it had been shown, such sale to be made within 90 days after July 7, 1956. The sale was made a little more than four months after July 7, 1956. Appellant, however, contends the term did not end July 7, 1956, but actually would not terminate until notice to him from appellee of its being terminated by appellee, and no notice of termination was ever given.

The facts show the sale of both tracts was made by appellee to a person to whom they had been shown by appellant. Appellee knew they had been shown to such purchaser by appellant. The sale however, was not made until November 30, 1956.

We have concluded that the expiration date was July 7, 1956, and since the sale of the property by the owner to A. G. Sollberger occurred more than 90 days after that date, appellant is not entitled to recover.

There are apparently conflicting provisions as to the date of termination. It is the duty of the Court, if possible, to reconcile these apparently conflicting provisions.

At the top of the contract in boldface type is this provision on the matter of termination: "Expiration Date July 7, 1956." The date given is underlined. In the body of the contract in small type is this language: " * * * the exclusive * * * agency for a period of 60 days from this date, and thereafter until written notice of termination * * * is given." The term "60 days" is also underlined.

With regard to paying a commission, there appears in small type this language: " * * * or, if sold within three (3) months after the termination of this agreement to any purchaser to whom it may have been submitted by the above named agent before the expiration of this agreement. * * *"

■ The rule is that a specific provision will control over a general. The specific stipulation of the definite date must control the general terminology "or thereafter until written notice of termination is given."

Appellant urges there was a fact question raised by the pleadings. Appellee had alleged he did not deliver the contract sued upon to appellant. The contract he made did not include the provision "and thereafter until written notice of termination * * * is given."

Holding as we do that the description of the property was insufficient, and, that the expiration date was July 7, 1956, this last contention of appellant's becomes immaterial.

The judgment of the Trial Court is affirmed.