**Ellen ENGLISH, dba Ellen English and Company, Appellant,**

**v.**

**John D. MARR et ux., Appellees.**

**No. 16258.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 7, 1974.

Engel, Groom, Miglicco & Gibson, Jerry W. Bussell, Houston, for appellant.

De Lange, Hudspeth, Pitman & Katz, C. M. Hudspeth, Sam W. Mintz, Houston, for appellees.

COLEMAN, Chief Justice.

This is a suit to collect a commission on the sale of real estate. The trial court rendered a summary judgment for the defendants. We affirm.

On or about October 26, 1970, plaintiff and defendants entered into a written listing agreement giving plaintiff for a term of 90 days the exclusive agency and right to sell certain real estate described as #27 Briar Hollow, Houston, Harris County, Texas. Appellees agreed to pay a commission of 6% of the selling price. Appellees also agreed to pay the commission "if within 90 days after the termination or expiration of the agreement, a sale or contract for sale of said property is made directly, or indirectly, to any person with whom realtor . . . has had negotiations for such sale and of whom Owner shall have in writing been advised not later than five days after the day this agreement expires, or is terminated."

Below the signatures on the Multiple Listing Service form contract there is detailed information concerning the house and lot, including the notation "Lot size 2¼ acres" and "Legal description: Metes and bounds description in broker's office." This portion of the form begins with a blank line bearing the notation below: "Agent remarks—not to be dispatched to participants," and concludes with blanks for "date sold," "price," and "selling realtor." This notation then appears: "The information contained above is furnished for the sole benefit of participants of the Multiple Listing Service only. No representations or warranties, either expressed or implied, are made as to the accuracy thereof."

During the 90-day period beginning October 26, 1970, plaintiff showed the property to Lars Bang and Robert Scheyer, representing Bang-Scheyer Associates. On March 2, 1972, the defendants sold the property to a corporation, which was represented by Bang-Scheyer Associates.

Since this is a summary judgment the burden rested on the defendants to establish by summary judgment evidence as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of ac-

tion. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). It was established that no sale, or contract of sale, was made within 180 days from October 26, 1970. It is also established that plaintiff failed to find a purchaser, during that period, ready, willing and able to buy the property for a price and on terms acceptable to defendants. Appellant plead that during such period, by oral agreement, the contract was extended for a "reasonable time," and that there is an issue of fact as to whether the sale was made within a reasonable time after the expiration of the written contract.

In an affidavit in proper form submitted with the motion for summary judgment Dr. Marr stated that Ellen English and Company never submitted to him a written list of the names of the persons with whom Ellen English and Company had negotiated for the sale of said property. He stated that it was his best recollection that Joan White, an agent with Ellen English and Company, called him sometime between January 26 and February 1, 1971, requesting an extension of the listing contract. He refused the request for extension, but he told her that if she could work out the sale to Bang-Scheyer Associates within 90 days he would recoginze her as the agent if the property had not previously been sold. He stated that he had no further contact with the firm until after the property was sold to Briar Hollow Townhouses, Inc., a corporation represented by Bang-Scheyer Associates.

In her affidavit in opposition to the motion for summary judgment Mrs. English stated: "Prior to the expiration of the agreement, I personally contacted Dr. Marr who advised me that if I did come up with a buyer for 27 Briar Hollow, he would recognize me as the agent." She also stated that Joan White advised her that Dr. Marr would not give her another exclusive listing, but that we could continue showing the piece of property, and that he was not going to give it to anyone else. She stated that her efforts to sell the prop-

erty continued well past the expiration date of the exclusive listing agreement.

In her deposition Mrs. English testified that after January 26, 1971, Joan White requested Dr. Marr to give them another listing of the property and that he told her that he would not give another exclusive listing on it, but that they could continue showing the piece of property and that he was not going to give it to anyone else. She personally called Dr. Marr, but he did not give her another listing, although he helped her to get the facts and figures they needed and she continued working on the sale. While Mrs. English showed the property to Bang and Scheyer during the contract period, and they were willing to purchase at the price asked, they were unable to pay the price in cash, or to secure a new loan, as required by the contract, by January 26, 1971.

■ The purpose of the Real Estate License Act, Art. 6573a, § 28, Vernon's Ann.Civ.St., is the prevention of frauds by requiring claims for commission in real estate transactions to be in writing. The parties to a written contract may agree orally to extend the time of performance of a contract required to be in writing so long as the oral agreement is made before the expiration of the written contract. However they may not by an oral agreement alter one or more of the terms of the written contract and thus make a new contract resting partly in writing and partly in parol. Here the alleged oral agreement was for an indefinite period and rendered indefinite the termination date of the oral contract. This effectively changed other provisions of the contract. Dracopoulas v. Rachal, 411 S.W.2d 719 (Tex.1967). The oral agreement resulted in a change from a contract providing for an exclusive listing, on which recovery would have been proper merely on proof of a sale, to a non-exclusive listing. In the latter situation a finding that plaintiff was the procuring cause of the sale is necessary. The suit, in the latter situation would be based on the new oral agreement. Since the oral agreement which was made the basis for recovery by the plaintiff's pleadings made material changes in the original written contract and since these changed provisions are essential to the plaintiff's recovery, they violate the requirements of the Real Estate License Act, and the agreement cannot be enforced. Dracopoulas v. Rachal, supra.

■ In order for a licensed real estate broker to recover a commission for the sale of real estate where Article 6573a, § 28, V.A.C.S., is plead as a defense, the broker must both allege and prove a contract or memorandum in writing complete in itself in every material detail so that the essential provisions of the contract may be ascertained from the writing without resort to parol testimony. Davis v. Freeman, 347 S.W.2d 650 (Tex.Civ.App.—Dallas 1961). A sufficient description of the property must appear in the contract or in an existing writing referred to therein. Owen v. Hendricks, 433 S.W.2d 164 (Tex. 1968).

■ The property involved is described in the contract by street address only. The notations appearing below the signatures on the form contract do not constitute a part of the contract. We do not consider whether the notation "Metes and bounds description in broker's office" would constitute a reference to an existing writing sufficient to aid the description found in the contract. The evidence establishes that the street address was a building located on a tract of land described by one deed into Dr. Marr. He also owned two adjacent tracts acquired by other deeds. The entire property totaled 2.16 acres. Under such circumstances the description is insufficient. Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985 (Tex.1947); Friedlander v. Christianson, 320 S.W.2d 404 (Tex.Civ. App.—Houston [1st Dist.] 1959).

The judgment is affirmed.