**Jimmy WEBB, Appellant,**

v.

**Ray ELEDGE, d/b/a Ray Eledge Real Estate Co., a/k/a Ray Eledge Realtors and Associates, Appellees.**

**No. 07–83–0108–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 19, 1984.

John Simpson, Ralph Brock, Lubbock, for appellant.

James V. Hoeffner, Lubbock, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Jimmy Webb perfected this appeal from a summary judgment decreeing his monetary liability to Ray Eledge, d/b/a Ray Eledge Real Estate Co., a/k/a Ray Eledge Realtors and Associates, for the broker's commission provided in a real estate contract for the sale or exchange of the listed property, although Webb's property was only leased. Concluding that Eledge failed to establish his entitlement to the summary judgment rendered, we reverse and remand.

On two different dates, Webb, as the designated owner, executed a uniform listing agreement granting Eledge an exclusive agency with sole right to sell or exchange "property known as:

(Street Address) _918—20 Slide Road_ and being (Legal Description) _____

_____

in the City of Lubbock, Lubbock, County, Texas, ...

for a specified sum, and agreeing to pay a broker's fee of six percent of the sale price when the property or any portion is sold, contracted to be sold, or exchanged. During the term of the last listing, Webb executed an agreement to construct certain improvements on

A portion of Lot 918–920, Pleasant Ridge Addition, said portion being 62' frontage on Slide Road, extending West 225'

and to lease the premises for a term of ten years at a total rental of $270,000 payable in monthly installments.

Eledge, alleging that he had produced the lease and that Webb refused to pay the agreed commission, initiated this litigation to recover the commission and reasonable attorney's fees. After Webb answered with a special exception, specific denials and a general denial, Eledge moved for summary judgment on the real estate commission contract, supporting his motion with a copy of the contract, an affidavit and Webb's deposition. Webb responded to the motion, presenting several reasons to avoid Eledge's entitlement to summary judgment, one of which was that the description of the property in the listing agreement is so insufficient that the agreement is void and unenforceable.

Upon a final consideration of Eledge's summary judgment motion, the trial court rendered a partial summary judgment decreeing that Eledge recover of and from Webb the principal sum of $16,200 representing the commission owing pursuant to the real estate listing agreement. The court also adjudged that Eledge is entitled to reasonable attorney's fees, but ordered that issue severed from the present action. By this order, Eledge's monetary judgment against Webb became final for purposes of appeal, *Richards v. Allen*, 402 S.W.2d 158, 160 (Tex.1966), and Webb has appealed, advancing in seven points of error his grounds for reversal of the summary judgment.

■ At the outset, we notice the summary judgment was rendered upon the recitation that the trial court "finds that the following facts exist," with the listed facts being seven in number, the last of which is recorded thusly:

(7) This Court found such further facts as was (*sic*) necessary to award a partial summary judgment to the Plaintiff [Eledge].

If, as recited, it was necessary for the court to resolve factual issues to render judgment, then the summary judgment rendered is neither authorized by the summary judgment procedure, Tex.R.Civ.Pro. 166–A(c), nor proper. *Smith v. Bolin*, 153 Tex. 486, 271 S.W.2d 93, 94 (1954).

■ This obtains because the summary judgment procedure is designed to eliminate patently unmeritorious claims and untenable defenses when there is no genuine issue of material fact; therefore, it is una-

vailable for the adjudication of the merits of any material issue of fact. *In re Price's Estate*, 375 S.W.2d 900, 904 (Tex.1964). It follows that findings of fact have no place in a summary judgment proceeding, *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966), and, as evidenced by *Easley*, they cannot affect the decision on appeal.

Still, we agree with the trial court that on this record, factual findings are necessary to the rendition of a judgment. Or, to state it in the context of the summary judgment record, Eledge did not establish his entitlement to a summary judgment, as he is required to do, by conclusively proving all of the essential elements of his cause of action. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

One element is the subject of Webb's first four points of error. By these points, Webb contends that the description of the real property in the listing contract is inadequate, or at least the summary judgment proof failed to show as a matter of law that the description was sufficient, to satisfy section 20(b) of the Real Estate License Act. Tex.Rev.Civ.Stat.Ann. art. 6573a § 20(b) (Vernon Supp.1984).

■ That section prohibits the bringing of an action "for the recovery of a commission for the sale or purchase of real estate unless the promise or agreement on which the action is brought, or some memorandum thereof, is in writing signed by the party to be charged or signed by a person lawfully authorized by him to sign it." Both litigants recognize and acknowledge that to satisfy the section's requirements, the writing must, among other things, furnish within itself, or by reference to some other existing writing, the means or data by which the particular land may be identified; and that, in regard to the identification, the sufficiency of the description is determined by the test used in cases arising under the Statute of Frauds and the Statute of Conveyances. *Owen v. Hendricks*, 433 S.W.2d 164, 166 (Tex.1968).

■ The real estate is described in the uniform listing agreement only by the street address of 918–920 Slide Road in the City of Lubbock, Lubbock County, Texas. A street address, standing alone, is not a reasonably certain description of real estate; the writing describing the realty by a street address only becomes sufficient if the realty can be identified with reasonable certainty by resort to extrinsic evidence explaining or clarifying the data within the framework of the writing. *Hereford v. Tilson*, 145 Tex. 600, 200 S.W.2d 985, 988–89 (1947); *English v. Marr*, 506 S.W.2d 333, 336 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Friedlander v. Christianson*, 320 S.W.2d 404, 406–07 (Tex.Civ.App. —Houston 1959, no writ); *Parks v. Underwood*, 280 S.W.2d 320, 321–22 (Tex.Civ. App.—Dallas 1955, writ ref'd. n.r.e.). But this is the limit of resort to extrinsic evidence, for it cannot become the framework of the writing to supply the essential elements of location or description of the land. *Morrow v. Shotwell*, 477 S.W.2d 538, 541 (Tex.1972).

■ Conformably, where, as in this cause, the writing refers to the party to be charged as the owner of the real estate, the stated ownership is itself a matter of description within the writing which may lead to certain identification of the property by extrinsic evidence. *Pickett v. Bishop*, 148 Tex. 207, 223 S.W.2d 222, 223–24 (1949). However, for the extrinsic evidence to permissibly identify real estate described by a street address with the certainty required, it must show that the party to be charged owns only one tract of land in the locality answering the description in the writing, for if the parol evidence reveals that the described real estate is merely a part of the land owned at that locality, then a reasonably certain description of the real estate must necessarily rest in parol, which is statutorily prohibited. *Hereford v. Tilson, supra.*

Eledge resorts to the extrinsic evidence for the basis of his argument that Webb's deposition shows he owns no other property on Slide Road in Lubbock and the prop-

erty description on the listing agreement was readily identifiable as the property that was leased. In this regard, the portions of the deposition selected by Eledge are Webb's listing of the properties he owns in Lubbock other than the property involved in this cause, and his responses to questions asked as follows:

Q And do you recall Mrs. Wilson [a licensed real estate broker employed by Eledge] asking you the address and did you give her the address of 918–920 Slide Road?

A I probably did at the time because I didn't know exactly what it was.

Q So you are aware that she relied on the information that you furnished her?

A Yes, sir.

Q And are you also aware that the property described in the listing agreement is legally described as a portion of Lot 918–920, Pleasant Ridge Addition, being 62 foot frontage on Slide Road, extending west 225 feet; does that sound like the legal description?

A Say that again, Mr. Walters?

Q All right. A portion of Lot 918 through 920, Pleasant Ridge Addition, said portion being 62 feet frontage on Slide Road, extending west 225 feet?

A I believe that is 200 feet, but that is all right, that is about right.

Q That sounds approximately correct?

A Yes.

Q And you would recognize that as being the same property that is listed in the listing agreement?

A Yes.

Given this evidence of Webb's own description, and understanding of the description, of the land, Eledge submits there is not better proof of the reasonableness of the property description.

■ We cannot agree that this extrinsic evidence identifies the realty with the certainty statutorily required. At most, the quoted portion of Webb's deposition shows that the parties to the listing agreement knew and understood what real estate was intended to be listed for sale or exchange, and that Webb acknowledged the legal de-

scription cited to him was approximately correct. However, a listing agreement with an otherwise uncertain description of the realty is not validated by either the knowledge and intent of the parties, *Morrow v. Shotwell, supra,* at 540, or by the acknowledgment of the realty's legal description which the parties omitted from their writing. *Matney v. Odom,* 147 Tex. 26, 210 S.W.2d 980, 984 (1948).

But beyond that, other portions of Webb's deposition before the court clearly illustrate that the location or description of the listed real estate was not identified with certainty. Just before the deposition testimony selected by Eledge was taken, Webb was questioned and responded in this manner:

Q And what would be the street address of the property that is involved in this case?

A I have had several—I think it is on about 10th and Slide, but I have had some, like the city, I believe they send the mail to 910 and 912 Slide, or 912 Slide.

Q All right.

A But I believe it's south of 10th Street, so I don't know exactly what the address would be there.

And later, when Webb was asked about his negotiations with the lessee, the following is recorded:

Q All right. And what did you initially tell him?

A I told him that I had, I was really under an agreement and had an SBA loan to build a building for my boy, my boy was supposed to get an SBA loan to build a building.

Q Is that on the adjoining property?

A That is the whole property. At that particular time all of the building, all of the land was there as one lot where both buildings are sitting there now.

Q Now, are you saying that with the SBA your application covered this property and the property—

A —covered the whole property, yes.

Q And the property your son had?

A Yes, covered all the property there, I believe a hundred and twenty-five feet.

Q   And did the SBA understand that the proceeds of that loan were to be used for both pieces of property and not just one?

A   No, our agreement, I went back the second time with him and got it all under, his loan was under the building on the north side which would be 910 or 918, whatever that might be.

Q   Did you separate this one?

A   We separated, had to separate the property at that time.

Thus, it is evident that, as this record was developed, the listed real estate was but a part of the land in the locality owned by Webb, and there is nothing shown of record to distinguish the listed real estate on the ground at the time the uniform listing agreement was executed.

■   It follows that Eledge failed to discharge his summary judgment burden to prove as a matter of law that the description of the real estate as listed was sufficient to satisfy section 20(b) of the Real Estate License Act.   We, therefore, sustain Webb's first four points of error and, since Eledge's failure to discharge his burden of proof defeats his right to the summary judgment, we pretermit a discussion of Webb's other points.

Accordingly, the summary judgment is reversed, and the cause is remanded.