Rhonda Satterfield and Dennis Satterfield

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-287-CV

RHONDA SATTERFIELD AND APPELLANTS

DENNIS SATTERFIELD

V.

CYNTHIA ANN VESS APPELLEE

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This litigation arose out of a real estate transaction.  Appellants Rhonda and Dennis Satterfield (the “Satterfields”) sued Appellee Cynthia Ann Vess for breach of contract, fraud, unjust enrichment, breach of duty of good faith and fair dealing, and violations of the Deceptive Trade Practices Act (“DTPA”). Following a bench trial, the trial court entered a take nothing judgment for Vess. In three issues, the Satterfields complain that four of the six conclusions of law made by the trial court are erroneous.  We will affirm.

II.  Factual Background

In September 1983, the Satterfields entered into a written agreement to purchase two acres of land from Vess. 
 
Vess retained ownership of other property that “fronted” the Satterfields’ newly acquired property.  Sub-paragraph six of section eleven in the contract provides, “Seller agrees to offer buyer option on property in front of house should it be on the market for sale.” After closing, both parties signed a letter regarding a portion of the property in front of the Satterfields’ two acres.  It states,

We re-affirm to you that in the event the property lying on front of the 2.0 acre tract 
(11.17 acres)
 should be put on the market for sale it will be with your first right of refusal; this letter to be construed as an option to purchase the said property if and when it should be for sale it being agreed that this portion of said contract shall survive closing.  [Interlineation original.]

Vess listed her entire property for sale on two separate occasions, once in the 1980's and a second time in 1996; neither listing resulted in any offers to purchase or contracts for sale.  In 2000, the City of Mansfield, through a “Compromise and Settlement Agreement,” condemned a portion of Vess’s property (1.458 acres of land and 2.7 acres for a slopement easement) that fronted the Satterfields’ property and compensated Vess for the taking.  The Satterfields initiated the present suit after they learned that the City of Mansfield had “purchased” the property.

The trial court entered findings of fact and conclusions of law after rendering its take nothing judgment.  This appeal followed. 

III.  Conclusions of Law

The Satterfields’ issues challenge four of the trial court’s six conclusions of law.  We review a trial court’s conclusions of law de novo as legal questions.  
Boyd v. Boyd
, 67 S.W.3d 398, 404 (Tex. App.—Fort Worth 2002, no pet.); 
Hitzelberger v. Samedan Oil Corp
., 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, pet. denied).  A trial court’s conclusions of law may not be challenged for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts.  
Hawkins v. Ehler
, 100 S.W.3d 534, 539 (Tex. App.—Fort Worth 2003, no pet.).  We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory supported by the evidence.  
A & W Industries, Inc., v. Day
, 977 S.W.2d 738, 741 (Tex. App.—Fort Worth 1998, no pet.). 

A.  Conclusion of Law Numbers Three, Four, and Five

The Satterfields’ first issue alleges that “the trial court erred in finding that ‘plaintiffs failed to submit any evidence concerning the parties’ intent’ with regard to the written promise, and that the ‘option is void on its face since the court cannot by written terms or parol evidence discern the parties’ intent for the option.’”  This issue challenges conclusion of law numbers three and four which provide, respectively:  

3.  The option provision is ambiguous.  The Court looks to the intent of the parties.  Here there are no terms of an option contract to enforce.  Plaintiffs failed to submit any evidence concerning the parties’ intent for the option including consideration paid for the option, price and option period.

4.  The option is void on its face since the Court cannot by written terms or parol evidence discern the parties’ intent for the option.

The Satterfields argue that “[a]ll parties to the original contract and the subsequent ‘letter’ knew which 2 acres and house were being sold to the Satterfields, and which acreage in front of their property was the subject of Special Provision 6 of the original contract and of the ‘letter.’”  Vess maintains that the contract and letter fail to describe the property for sale “with sufficient specificity to satisfy the statute of frauds.” 

A contract for the sale of real property must comply with the Statute of Frauds in order to be enforceable.  
See 
Tex. Bus. & Com. Code Ann.
 § 26.01 (Vernon 2002).  
The Statute of Frauds requires that the agreement be in writing and signed by the party to be charged.  
Id
.
  
Whether a contract meets the requirements of the Statute of Frauds is a question of law.  
Bratcher v. Dozier
, 162 Tex. 319, 321, 346 S.W.2d 795, 796 (1961).

A description of the land to be conveyed is an essential element of a contract for the sale of land.  
Hereford v. Tilson
, 145 Tex. 600, 605, 200 S.W.2d 985, 988 (1947).  
To satisfy the Statute of Frauds, the agreement must furnish within itself, or by reference to some other writing, information by which the land may be identified with reasonable certainty.  
Morrow v. Shotwell
, 477 S.W.2d 538, 539 (Tex. 1972).  
If enough identifying information appears in the description so that a person familiar with the area can locate the premises with reasonable certainty, the Statute of Frauds is satisfied.  
Gates v. Asher
, 154 Tex. 538, 541, 280 S.W.2d 247, 248-49 (1955).  No part of the agreement is more essential than the description of the property.  
Wilson v. Fisher
, 144 Tex. 53, 56, 188 S.W.2d 150, 152 (1945).  
An agreement or conveyance that does not sufficiently describe, or provide enough identifying information concerning, the land to be conveyed is void.  
Greer v. Greer
, 144 Tex. 528, 530, 191 S.W.2d 848, 849 (1946).
(footnote: 2)
 In the instant case, neither the contract or the letter signed on the day of closing, nor any extrinsic evidence presented to the trial court,
(footnote: 3) describes the property to be sold with reasonable certainty.  At trial, when asked to describe the property, Mrs. Satterfield stated, “It was two acres in front of our house.” But Mrs. Satterfield conceded that Vess owned more than two acres surrounding the Satterfield’s two-acre tract and that more than two acres of Vess’s property fronted Matlock Road, the road in front of the Satterfield’s house.  The property description set forth in sub-paragraph six of section eleven in the contract, “property in front of house,” and the letter, “the property lying on front of the 2.0 acre tract,” is insufficient to describe with reasonable certainty which portion of Vess’s property is subject to the contract and letter.  Regardless of whether the portion of the agreement at issue is characterized as an option or as a right of first refusal, the writings do not contain a description, such as metes and bounds, that would permit the Satterfields, or Vess for that matter, to identify which portion of Vess’s property is subject to the agreement.  Because the contested portion of the agreement does not contain a sufficient description of the property to be sold, 
the trial court did not err by concluding that the “option” was void “since the Court cannot by written terms or parol evidence discern the parties’ intent for the option.”  
See Greer
, 191 S.W.2d at 849; 
see generally Matney v. Odom
, 147 Tex. 26, 28, 210 S.W.2d 980, 982 (1948) (holding lease containing option to purchase and describing land as “four (4) acres out of the East end of a ten-acre block on the P. Chireno Survey about 2 miles East from the courthouse of the city of Tyler, Smith County, Texas, located on the North side of the Kilgore highway” insufficient to comply with Statute of Frauds); 
McDaniel v. Carruth
, 637 S.W.2d 498, 501, 506 (Tex. App.—Corpus Christi 1982, no writ) (holding description “Sixteen Hundred acres plus, located approximately ten miles east of Rio Hondo, Texas, referred to as the Ranch and two farms located in Hidalgo County containing more or less thirty acres each” insufficient to satisfy Statute of Frauds).  We hold that the trial court properly applied the law to the facts in conclusions of law numbers three and four.  We overrule the Satterfields’ first issue.  Because conclusions of law numbers three and four constitute proper legal grounds supporting the trial court’s take nothing judgment against the Satterfields, we need not address the Satterfields’ challenge to conclusion of law number five, constituting an alternative, independent ground supporting the take-nothing judgment.
(footnote: 4)
 B.  Conclusion of Law Number Six

The Satterfields’ third issue claims that “the trial court erred in finding that plaintiffs failed to offer any evidence for their claims for breach of duty of good faith and fair dealing, and violations of the Texas [DTPA], fraud and unjust enrichment.”  This issue challenges conclusion of law number six, which provides,

6.  Plaintiffs failed to offer any evidence for their claims for breach of duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, fraud, unjust enrichment, and diversion of water rights and wrongful removal of property gates.  No evidence to support these allegations was presented. 

1.  Fraud

The Satterfields argue, 

Ms. Vess represented that she would sell the property to the Satterfields, and she would offer the property to them first if she decided to sell the property, which was reflected in the original contract and the subsequent ‘letter.’  Such representation was, from the very beginning, designed and contrived to induce the Satterfields into buying the landlocked property.

 

A cause of action for fraud is proved by establishing that: (1) a material misrepresentation was made; (2) that was known to be false when made or was asserted without knowledge of its truth; (3) that was intended to be acted upon; (4) that was relied upon; and (5) caused injury to the party who relied on the misrepresentation.  
Dow Chem. Co. v. Francis
, 46 S.W.3d 237, 242 (Tex. 2001).  The testimony of Mrs. Satterfield and Vess addresses facts concerning the agreement, the condemnation by the City of Mansfield, the amount of property surrounding the Satterfields’ property, and the two times Vess listed her entire property for sale.  The record is devoid of any evidence that Vess made a false material representation to the Satterfields, that Vess knew the representation was false when made, and that any alleged misrepresentation caused the Satterfields injury.  Accordingly, the trial court did not err by concluding that there was no fraud.

2.  Duty of Good Faith and Fair Dealing

The Satterfields argue that, “[b]ecause of the agreements of the parties, Ms. Vess had a duty to deal fairly and in good faith with the [them].”  On the contrary, there is no implied covenant of good faith and fair dealing in every contract.  
Subaru of Am., Inc. v. David McDavid Nissan, Inc.
, 84 S.W.3d 212, 225 (Tex. 2002);
 Arnold v. Nat’l County Mut. Fire Ins. Co.
, 725 S.W.2d 165, 167 (Tex. 1987).  Such a duty may arise, however, as a result of a special relationship between the parties to a contract.  
Subaru of Am., Inc.
, 84 S.W.3d at 225.  A special relationship may exist where there is unequal bargaining power between the parties to a contract and there is the possibility that one of the parties may take advantage of the other because of this imbalance of power (e.g., insurance).  
Arnold
, 725 S.W.2d at 167.

The contract at issue here is between two private citizens.  There is no evidence of unequal bargaining power, and there is no evidence that any special relationship existed between Vess and the Satterfields.  Thus, the trial court did not err by concluding that there was no evidence of a duty of good faith and fair dealing.

3.  Unjust Enrichment

The Satterfields argue that “Ms. Vess profited from her failure to honor her promise to grant the Satterfields a preemptive right to purchase the property if she ever offered it for sale” after receiving proceeds from the City of Mansfield.  
Recovery under the theory of unjust enrichment may be allowed when one person has obtained a benefit from the other by fraud, duress, or the taking of an undue advantage.  
Heldenfels Bros., Inc. v. City of Corpus Christi
, 832 S.W.2d 39, 41 (Tex. 1992).  Unjust enrichment is based upon the equitable principle that a person receiving benefits which were unjust for him to retain ought to make restitution.  
Bransom v. Standard Hardware, Inc.
, 874 S.W.2d 919, 927 (Tex. App.—Fort Worth 1994, writ denied).  

The City of Mansfield compensated Vess for the 
taking 
of a portion of her property.  Vess did not sell the property to the City of Mansfield, and she has not sold any of the remaining property.  There is no evidence that Vess obtained any benefit from the Satterfields by fraud, duress, or the taking of an undue advantage.  For this reason, the trial court did not err by concluding that there was no unjust enrichment.

4.  DTPA

The Satterfields argue that “the actions of Ms. Vess violated 17.46 (5) and (12) of the Business and Commerce Code in that she had misrepresented goods (property) and had represented that an agreement conferred or involved rights which it did not have, i.e. the original contract and “letter” representing that she would offer the property to the Satterfields if she ever offered the property for sale.”  The Satterfields further argue that Vess violated section 17.46(b)(24) “by failing to disclose information concerning goods or services which was known at the time of the transaction when the failure to disclose such information was intended to induce [them] into the transaction of purchasing the back 2 acres of property.”   

The elements required to be shown in an action under the DTPA are: (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer’s damages.  
Tex. Bus. & Com. Code Ann.
 § 17.50(a)(1) (Vernon 2002); 
Doe v. Boys Clubs of Greater Dallas
, 907 S.W.2d 472, 478 (Tex. 1995).  Section 17.46(b)(12), a designated unlawful act in the “laundry list” of section 17.46(b), provides that it is a false, misleading, or deceptive act or practice to represent that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.  
Tex. Bus. & Com. Code Ann.
 § 17.46(b)(12) (Vernon Supp. 2004-05).  Section 17.46(b)(24) provides that “failing to disclose information concerning goods or services which was known at the time of the transaction” may be a false, misleading, or deceptive act “if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.”  
Id
. § 17.46(b)(24).

Here, the evidence adduced at trial showed that Vess did in fact offer her property for sale on two separate occasions, once in the 1980's and another time in 1996.  Vess testified that she placed a sign (a “billboard sign”) in her yard just to the right of her house both times her property was listed for sale. The Satterfields were free to make an offer to Vess for her property.  Vess, however, never received any offers for the property.  There is no evidence that Vess failed to disclose information concerning her property in an effort to induce the Satterfields into making a transaction they would otherwise not have made had they known of the information.  Thus, the trial court did not err by concluding that there were no DTPA violations.

Having determined that the trial court’s conclusion of law number six is supported by the evidence, we overrule the Satterfields’ third issue.

IV.  
Conclusion

Having overruled all of the Satterfields’ issues, we affirm the trial court’s judgment.
   

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting  by Assignment).

DELIVERED: August 4, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The use of parol evidence to help establish property inadequately described is limited.  The Texas Supreme Court in 
Pick 
reiterated,

 

The essential elements may never be supplied by parol.  The details which merely explain or clarify the essential terms appearing in the instrument by ordinarily be shown by parol.  But the parol must not constitute the framework or skeleton of the agreement.  That must be contained in the writing.  Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum.

  

Pick v. Bartel
, 659 S.W.2d 636, 637 (Tex. 1983).

3:
We question whether, under the controlling case law, resort to extrinsic evidence to establish a description of the property is appropriate, but even considering extrinsic evidence, the property here is not sufficiently identified.

4:
In its fifth conclusion of law, the trial court determined that the Satterfield’ claims were barred by limitations.