## MURRAY v. MISSOURI, K. & T. R. CO.
### No. 13042.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 30, 1934.

Rehearing Denied Feb. 1, 1935.

Houston & Johnson, of Dallas, for plaintiff in error.

Thompson & Barwise and F. B. Walker, all of Fort Worth, for defendant in error.

LATTIMORE, Justice.

This is a railroad crossing collision case in which the jury returned a verdict of no negligence and no damages.

The appellant requested a special issue of negligence in lookout against defendant, which the court refused. We are inclined to believe it should have been submitted. The evidence most favorable to the appellant is that his car was in plain view at all times; that the engine struck the rear end of his automobile. The engineer said he first saw the car was going across the tracks when he was about 65 feet from the crossing; that he then and there applied the emergency brakes, etc. The train was moving at 25 to 30 miles per hour. Appellant says he started his car from a standstill 30 feet from the track and was moving at 5 to 6 miles per hour. There is a great deal more of testimony which is conflicting and explanatory, but if the jury should reject it all except the above, then they could have found that the train was 150 feet from the crossing when appellant started across, and if the engineer had then applied his emergency brakes the engine would have missed striking the automobile.

The jury found no damages. The plaintiff testified he was rendered unconscious and in his work for the Magnolia Oil Company since then had been compelled to use a helper, which he had not needed before; that when he worked he suffered pains in his back and body; his stomach hurt. He had had three abdominal operations prior to the accident. Physicians' testimony was directly conflicting as to whether any impairment of his health or bodily structure existed from the collision.

The jury answered issue No. 3 that he received injuries in the collision, and issue No. 16 that his compensation for his injuries was "none." There is evidence in the record sufficient for the jury that plaintiff suffered no money loss from his injuries. When we consider the other feature, that is, pain and suffering, these are matters which must be left largely to a jury's discretion. They see the witnesses and hear them on the stand. What seems large in black and white may dwindle to insignificance in the larger picture which the jury sees in the trial court. The symptoms are wholly subjective. The rule that guides us works both ways. We have often affirmed judgments that seemed to us large, and the same rules must apply when it comes to the other side of the same situation. There is no evidence in the record which suggests prejudice or jury misconduct. We are directed to the opinion that the jury believed appellant's pain and suffering was not of such gravity as to be practically compensable or that they believed it was caused by his other ailments.

The judgment of the trial court is affirmed.