**WALKER AVENUE REALTY CO., Inc., v.
ALASKAN FUR CO., Inc., et al.**

No. 10844.

Court of Civil Appeals of Texas. Galveston.
July 6, 1939.

Rehearing Denied July 27, 1939.

Thos. H. Stone, of Houston, for appellant.

Fulbright, Crooker & Freeman and W. Ray Scruggs, both of Houston (James F. Bobbitt and M. C. Chiles, both of Houston, of counsel), for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County in an action by appellant, Walker Avenue Realty Company, Inc., plaintiff below, against appellees, Alaskan Fur Company, Inc., and F. L. Gould, defendants below, for damages

for the alleged breach of a contract to lease store space in the West Building in Houston, Texas.

The suit was originally brought by Ike L. Freed, Simon Sakowitz and Tobias Sakowitz, the then owners of said building.

Prior to the trial the West Building was transferred to the Walker Avenue Realty Company, Inc. This company was made party plaintiff and as such has prosecuted the suit as the owner thereof. The parties to the suit will be designated in this opinion as in the trial court.

Plaintiff alleged that prior to August 6, 1932, there had been negotiations between the then owners of the West Building and defendants for a lease of certain space in said building; that on August 6, 1932, defendants submitted to Ike L. Freed a written proposal to lease said space under the terms and conditions therein set forth; that they secured the cancellation of a then existing lease on said premises from Hammersmith Bros., Inc., and promptly notified defendants of their acceptance of said proposal, and in pursuance thereto executed a lease in favor of defendants covering the space desired and tendered same to defendants. Plaintiff prays for damages for the loss of rentals it would have had a right to collect from Hammersmith Bros., Inc., under its sublease of space in said building, and in the alternative for rentals it would have been paid under its alleged lease with defendants.

Defendants answered by general and special demurrers and exceptions and by general denial. They pled both by special exceptions and special answer that plaintiff's alleged cause of action was in contravention of the statute of frauds; that no definite terms or space had been agreed upon by the parties; that plaintiff had refused to lease the space or furnish the conveniences originally negotiated for; that it had received no notification of an acceptance of their offer, and that they had, on August 31, 1932, withdrawn all offers and proposals theretofore made.

The case was tried to a jury, who, in answer to issues submitted, found, in substance, that defendants' proposal, dated August 6, 1932, was not accepted by the said Ike L. Freed and Simon and Tobias Sakowitz before it was withdrawn on August 31, 1932; that the parties had not agreed among themselves upon the terms and conditions of a lease contract for the space in question; that Hammersmith Bros., Inc., paid to Ike L. Freed and Simon and Tobias Sakowitz a valuable consideration for the cancellation of its lease contract, and that a re-draft of a lease contract for such space was not signed by Ike L. Freed and Simon and Tobias Sakowitz prior to the delivery to them of a letter dated August 31, 1932, notifying them of the withdrawal by defendants of their written proposal dated August 6, 1932; that Freed and Gould were not in agreement as to the space in the basement of the West Building to be covered by said lease contract, and that defendants did not know of the existence of the lease to Hammersmith Bros., Inc., when the proposal of August 6, 1932, was made and left with the owners of the West Building.

Based on the answers of the jury to the issues submitted, judgment was rendered by the trial court that plaintiff, Walker Avenue Realty Company, Inc., take nothing against defendants, Alaskan Fur Company, Inc., and F. L. Gould, and that each of said defendants be discharged and absolved from all liability.

On August 6, 1932, F. L. Gould delivered at the office of Ike L. Freed in the West Building the following written proposal:

"Alaskan Fur Company
"Reliable Furs
"606 Main Street
"Houston, Texas.                    F. 8188
"Gentlemen:                    August 6, 1932.
"The following is our final proposal with reference to the lease which we have been discussing:

"1. We will pay you $1,000.00 per month, for a five year lease.

"2. Rent will start as of January 2, 1933.

"3. In case the lease is cancelled with a notice of three months at the end of two years, you will pay us $6,000.00 to help defray our expense of moving and installing a new cold storage vault.

"4. We will build our own cold storage vault, and handle our own financing of the same.

"5. We will pay you $500.00 for the furniture and fixtures now in the store, which also includes 2 balconies.

"Very truly yours,
"Alaskan Fur Company, Inc.
"By F. L. Gould,
"F. L. Gould, President."

The notation: "Accepted August 8, 1932. Freed & Sakowitz, by Ike L. Freed", appears at the bottom of said proposal.

198

On August 31, 1932, defendants sent to plaintiffs' attorney the following letter: "This is to advise that the proposition and proposal with reference to the lease in the West Building as outlined in our letter of August 6, 1932, is hereby withdrawn. We will take the matter up with you from a different angle after we have received bids for the construction and engineering work."

The record shows that at the time of the submission of said written proposal the premises known as 819 Main Street, which is located in the West Building, and 1009 Walker Avenue, which is located in the West Building Annex, were under a sublease from J. M. Watson to Hammersmith Bros., Inc., at a monthly rental of $1,250, and that Hammersmith Bros., Inc., had subleased 1009 Walker Avenue to Theo. D. and John D. Polemanakos at a monthly rental of $250. Both of said leases expired on December 31, 1933. By instrument dated August 8, 1932, Hammersmith Bros., Inc., assigned to Ike L. Freed and Simon and Tobias Sakowitz its interest in both of said leases. The instrument recited a consideration of $1,000 cash, $1,200 in notes, and the monthly rental due by Polemanakos.

Plaintiff's case is based solely upon the written proposal made by defendants on August 6, 1932, and upon its acceptance by plaintiff, in writing, prior to its withdrawal.

The issues to be determined are, first, whether a lease agreement existed between plaintiff and defendants upon which relief could have been granted, and second, whether, if a contract was established by the evidence, it was within the statute of frauds, and if so, whether such facts existed as would justify a court of equity in taking the case out of the operation of the statute of frauds.

Article 3995 reads as follows:

"*Writing required.*—No action shall be brought in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized: * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year * * *".

■ The authorities are uniform in holding that to comply with the statute of frauds the written memorandum or proposal must within itself or by reference to other writings, and without resource to parol evidence, contain all the elements of a valid contract, including an identification of both the subject matter of the contract, Osborne v. Moore, 112 Tex. 361, 247 S.W. 498, Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064; 20 Tex.Jur., 309, and the parties to the contract, 27 C.J., section 239, page 275, and section 437, page 383, and note in 70 A.L.R. 196, and authorities therein found.

■ That the written proposal in question is not sufficient to identify the premises to be leased is clearly shown by the following authorities: Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Penn v. Texas Yellow Pine Co., 35 Tex.Civ.App. 181, 79 S.W. 842, writ dismissed; Cantrell v. Garrard, Tex.Com.App., 240 S.W. 533; Anders v. Johnson, Tex.Com.App., 276 S.W. 678; Starkey v. Texas Farm Mortgage Co., Tex. Civ.App., 45 S.W.2d 999, writ refused; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064.

■ It is equally clear that said proposal is within the statute of frauds, for the reason that it fails to identify the lessors to the proposed lease. Morrison v. Hazzard, Tex.Civ.App., 88 S.W. 385; Johnson v. Granger, 51 Tex. 42; Grafton v. Cummings, 99 U.S. 100, 25 L.Ed. 366; Tobias v. Lynch, 192 App.Div. 54, 182 N.Y.S. 643; 27 C.J., section 329, page 275; 20 Tex.Jur., section 106, page 316.

■ Further, it is necessary that the memorandum, even if sufficient in itself, be accepted by the lessor in writing. This rule is laid down by the Supreme Court in the case of American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161.

While the notation "Accepted August 8, 1932, Freed & Sakowitz, by Ike L. Freed" appears at the bottom of said proposal, the record does not show that said proposal, with above notation, was ever shown to either defendants or their attorney.

■ The law is settled in Texas that three elements are necessary in order to take a contract out of the statute of frauds: (a) payment of consideration, either in money or in services; (b) the lessee must have taken possession of the leased premises and occupied the same under the oral contract; and (c) the lessee must have made valuable improvements on the premises with the consent of the lessor, or, without such improvements, the facts must be

such that a fraud would be perpetrated upon the lessor if the contract was not enforced. It is uncontroverted that none of the above elements were established in this case. Lechenger v. Merchants', etc., Bank, Tex.Civ.App., 96 S.W. 638; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Paschall et ux. v. Anderson, 127 Tex. 251, 91 S.W.2d 1050; Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257; American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161; Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505.

While plaintiffs assign error in the failure of the trial court to submit certain special issues requested by them, and in permitting certain arguments by counsel for defendants, we think that the verdict of the jury in answer to special issues submitted, to the effect that the written proposal of the Alaskan Fur Company, Inc., dated August 6, 1932, was not accepted in writing by the then owners of the West Building before the delivery of the letter of August 31, 1932, that the written lease claimed by plaintiff to be a re-draft of the lease agreement between it and defendants was not signed by Ike L. Freed and Simon and Tobias Sakowitz prior to the delivery to them of said letter of withdrawal, and that Ike L. Freed and F. L. Gould were not in agreement upon the amount of space in the basement of the West Building to be covered by said lease, conclusively determine that there was not, prior to said letter of withdrawal of August 31, 1932, a sufficient agreement as to the terms of said contract to constitute a binding lease contract between the then owners of the West Building and the Alaskan Fur Company, Inc., and that said findings of fact, which are based on sufficient evidence, render immaterial the action of the then owners of the West Building in procuring a release from Hammersmith Bros., Inc., of the space held by them.

█ █ This proposition is upheld by the Supreme Court in the case of American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161, 1164. · The court in its opinion says: "To form a binding contract, it must appear that the party to whom the offer is made accepts such offer and communicates such acceptance to the person making the offer; and, in case of an offer to buy or sell land, the acceptance must be in writing."

This rule is upheld in the following cases: Williams v. City of Galveston, Tex. Civ.App., 14 S.W.2d 1049; Campbell v. Johnson, Tex.Com.App., 290 S.W. 526; Magnolia Petroleum Co. v. Long, 126 Tex. 195, 86 S.W.2d 450; Murray v. Missouri, K. & T. Ry. Co., Tex.Civ.App., 79 S.W.2d 334.

Plaintiffs assign error in permitting counsel for defendants in his argument to the jury to make the following statement: "They turned the steam on young Lipper, just like they started to turn the steam on here in this court room when they started out here with this thing. They brought their credit manager down here and sat him down before this jury to look at you before you got on this jury. What in God's earth was he doing here do you reckon?"

█ The record shows that while the quoted argument was made by one of defendants' counsel, no objection was made thereto by counsel for plaintiff. It is the rule in this state that unless argument of counsel is so prejudicial or inflammatory that an instruction from the court would not cure the error, the complaining party must object to the argument and request the court to instruct the jury not to consider it, otherwise the error is waived. City of Waco v. Rook, Tex.Civ.App., 55 S.W.2d 649.

In the case of Texas Company v. Gibson, 131 Tex. 598, 116 S.W.2d 686, 687, the counsel of defendant had procured the consent of the trial court to be allowed exceptions to inflammatory arguments without the necessity of interrupting counsel by objecting to the argument. The court in its opinion says: "Counsel, in the event he desires an exception to opposing argument, cannot thus relieve himself of the duty of making objection at the proper time, nor can the trial court properly adopt the requested procedure. The court in most instances can prevent harmful results from improper argument, but can more easily do so, and with less likelihood of having his action misinterpreted by the jury as indicating his view of the merits of the case, if counsel is reprimanded and the jury is instructed, at the time the argument is made, and in response to a timely objection. Such procedure is more conducive of a fair and orderly trial on the merits of the case than the procedure apparently agreed upon in the present case."

█ In the instant case, we do not think the argument complained of was of such a

character as justified counsel for plaintiff in failing to ask the court to instruct the jury to disregard such argument, and having failed to do so, plaintiff is in no position to complain of said argument.

We have fully considered all of the assignments of error and the propositions based thereon presented in plaintiff's brief. None of them, in our opinion, show any error in the record which requires a reversal of the judgment. They are accordingly overruled, and the judgment of the trial court is in all things affirmed.

Affirmed.