Manuel BLUM, Individually, etc., Appellant,

v.

Morton S. DISMUKE, Appellee.

No. 13267.

Court of Civil Appeals of Texas.

Houston.

June 5, 1958.

Rehearing Denied June 26, 1958.

Dixie & Schulman, Al Schulman, Houston, for appellant.

Young, Young & Daggett, Allen J. Daggett, Houston, for appellee.

BELL, Chief Justice.

Appellee sued appellant for rent due under a lease executed December 2, 1954. The lease was for a term of four years from December 1, 1954. Monthly rental of $125 was fixed in the lease. Appellant immediately entered into possession of the suite of offices alleged to be covered by the lease and remained in possession until February, 1956, when he moved out. He paid the rent called for by the lease as it came due for the time he actually used the offices. Recovery was sought for rental due under the lease after appellant moved. Appellee was the assignee from the original lessor in the lease. Appellee in his petition, in addition to pleading the facts above recited, alleged that when appellant moved appellee told him he was holding him responsible for the rent to accrue until such time as appellee could rent the offices to someone else, and appellant agreed he would pay such rental. Appellant answered, pleading an exception to the petition that the lease sued upon violated the

Statute of Frauds. Also he pled a general denial. No action seems to have been taken on the exception, but the case was fully tried on the issue of whether the lease satisfied the Statute of Frauds. Properly the Statute should have also been set up as a plea in bar. However, since the case was fully tried as if it had been pled in bar, any irregularity in pleading was waived and is of no moment in disposing of this appeal.

The trial court rendered judgment against appellant for $500, on hearing without intervention of a jury.

The appellant's grounds for reversal are:

1. The lease did not satisfy the Statute of Frauds because the description of the property leased was by street number only and this is insufficient.

2. The court erred in admitting parol testimony designed to make the description certain.

3. The agreement by appellant, when he vacated the premises, to pay such rent as accrued under the lease until appellee should be able to rent the premises to others, was without consideration.

The appellee seeks to uphold the judgment of the trial court on the following grounds:

1. The description in the lease is sufficient in itself to identify the property.

2. The lease gives a key by which the property may be identified and parol evidence is admissible to apply such key.

3. There was such part performance by reason of delivery of possession and payment of rent as to remove the lease from the Statute.

4. When appellant vacated the premises he promised appellee he would pay such rent as accrued in the interim until appellee should lease the premises to others.

We have reached the conclusion that the description given in the lease satisfied the Statute of Frauds in that is gives a suffi-cient description so that the office space, which is the subject matter of the lease, may be located upon the ground.

The lease was executed by Bell Properties as Lessor, and appellant as lessee. The description given in the lease is as follows:

"* * * the following described property, to wit: Lying and being situated in the City of Houston and County of Harris, State of Texas, and being the South East (rear) suite of offices in building located at 2809 Caroline Street * * *"

The lease was introduced in evidence. E. C. Bell, President of Bell Properties, Inc., testified as a witness at the trial. He testified that there was only one building on the premises known as 2809 Carolina. The building was situated on more than one lot. It was a one-story frame building. It faced in a westerly direction on Carolina Street in the City of Houston. Above the front door was the number. The building, in part, was an old house which had some office space built on the front. The office space in the old part was not on a level with the newly built part, but some stairs lead up to the office space in the old part. (How many steps there were does not distinctly appear, but a plat introduced in evidence indicates two or three steps). The building was cut up into four suites. The suites were pretty well alike though they may not have been identical. The southeast and northeast suites would be in the rear of the building in the old part of the house. Each had a separate entrance from the other which opened into the hallway. You enter the hallway from the front door (west). The hallway does not run through the entire building, but a door to each suite opens onto the hallway. The southeast suite consisted of three rooms and a small hallway connecting them. The only way to reach one suite from the other would be to leave one suite, go through the hallway and enter one of the other suites. In other words, a number of rooms were grouped together and one group was separated from the other by a solid partition.

The two suites on the north are separated from those on the south by the hallway. The suites had no identifying label such as letters or numbers.

We attach as a part of this opinion a plat which gives a floor plan of the building. "I.J.K.L." represent the southeast suite. "K.L.M.N." represent the southwest suite. "O.P.Q.R." represent the northwest suite. "Q.R.T.U." represent the northeast suite. It is to be noted that this designation is what we get from the testimony as to the floor plan at the time of the lease involved. However, it will be observed that the northeast suite as shown on the plat is a re-arrangement that has occurred since the lease. Actually at the time of trial rooms numbered 1 and 2 had been made a part of the northwest suite because the occupant of that suite needed more room. "H" represents the hallway. "S" represents the stairs or steps. These letters thus far used have been employed by the Court to aid in understanding as we refer to the various portions of the building in this opinion. All letters on the plat through the letter "F" were placed there by witnesses and we will discuss their meaning in connection with the testimony.

Mr. Bell further testified there was a driveway used by all tenants on the south of the building. The three rooms and hallway connecting them marked "B" were the rooms occupied by appellant. The space marked "F.D." is the front entrance to the southeast suite. The space marked "B.D." is the back entrance to the southeast suite. The shaded portion marked "A.C." is an air conditioning room. It is on the ground floor and entrance can be gained only from the driveway on the south side. It is completely closed off from the office space in the southeast suite. The letter "D" represents a door to a room marked "X". This room marked "X" is the room that Mr. Bell, in the first portion of his testimony, when he was making a drawing from memory, said he did not know whether it was covered by the lease or not. He later explained he just did not remember at the time of so testifying whether this room was arranged as a part of the southeast suite, but in fact it was not a part

of such suite. There were restrooms across the hallway available to all tenants.

Mr. Blum testified he was in possession of the office space marked "B" on the plat. He also said there was some space marked "C" by Mr. Bell which he entered from his office. We fail to find any space marked "C". He stated he was never certain what space was covered by the lease. He stored some books in other parts of the building, but he went and asked lessor for permission to do so and never paid rent for storage space. He paid his rent regularly and moved out the first part of February, 1956. He denied he agreed with appellee when he moved out that he would continue to pay rent until appellee leased the premises.

Mr. Dismuke, appellee, testified to his efforts to lease the property and that appellant told him he would pay rent, when he was able to do so, for the interim period from his moving out until the premises were leased to others.

The trial court, in response to the request of appellant, filed his Findings of Fact and Conclusions of Law. We will not notice all of them but only such as are material to the questions raised on appeal.

██ The court found as a fact that when the appellant vacated the premises he orally promised to pay the rent which should accrue between that time and the time such premises should be rented to another person, and, he concluded that by reason of such oral promise appellant was liable to appellee. In this conclusion of law the court was in error. There was no consideration supporting the promise and therefore no oral contract to pay rent.

██ The court found, as the undisputed testimony showed, that appellant went into possession of the suite of offices in the southeast of said building and continued to occupy them and pay rent until he vacated the premises. He entered into pos-

session in December, 1954, and vacated the premises in February, 1956. The court concluded the contract was not executory, but completely executed and the Statute of Frauds did not apply, and any infirmities in the original contract were cured by performance. We take it that what the court is saying is that there was such performance as to prevent application of the Statute of Frauds. The contract had not been completely performed. It had over two years to run. There was part performance by delivery of possession, use for over a year, and payment of rental during occupancy. This, however, is not of itself sufficient to remove the bar of the Statute. Certainly, we feel, since the case of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216, the rule in this state has been that an oral contract for the sale of an interest in land is removed from the bar of the Statute of Frauds only where there is payment of a part of the purchase price, delivery of possession, and the erection of permanent valuable improvements, or, without such improvements, such other facts as would make it a fraud not to enforce the contract. The same rule applies to a lease of real estate for a term of more than one year. Walker Avenue Realty Co. v. Alaskan Fur Co., Tex.Civ.App., 131 S.W. 2d 196, writ ref., and authorities there cited. Here there was delivery of possession and payment of rental but there was no evidence showing any improvements to the premises or any other facts which would make it a fraud not to enforce the contract.

This brings us to a discussion of appellant's Points that the description in the lease does not satisfy the Statute of Frauds and that the parol testimony concerning the description of the premises was inadmissible.

The rules of law applicable are well established in Texas. A lease of real property for a term of more than one year is within the Statute of Frauds and must be in writing. Walker Avenue Realty Co. v. Alaskan Fur Co., supra. The same rules, with respect to the applicability of the Statute of Frauds, that apply to contracts for the sale of land apply to leases of real property. Hoover v. Wukasch, 152 Tex. 111, 254 S.W.2d 507. To satisfy the statutory requirement of writing, the description of the property must be given in the written instrument with such certainty that it may be identified from such description, or, the writing must contain a statement, key or data from which the property may be identified. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985; Pickett v. Bishop, Tex.Civ.App., 223 S.W.2d 222. Parol testimony is not admissible to supply a deficiency in description. Parol testimony, however, is admissible for the purpose of applying the description contained in the lease for the purpose of identification. Wilson v. Fisher, supra.

The parol testimony admitted in this case which described the number appearing on the building, the location of the building on Caroline Street in the City of Houston, and which described the physical layout of the building, was admissible. This was not for the purpose of supplying a deficiency in the description as given in the lease. It was merely applying the description of the lease to the property. Certain testimony which was admitted should have been excluded, such as the testimony that the lessor's representative and the lessee knew the property described in the lease because they went on it before the lease was signed and the appellant knew what offices to occupy because of this. Such testimony would tend to supply a deficiency, if one existed, and this cannot be done. However, this error does not affect the judgment because the court concluded that in fact there was no deficiency in description.

The description given in the lease was sufficient. The subject matter of the lease was office space in a building located

at 2809 Caroline Street, Houston, Harris County, Texas. The lease did not purport to lease any of the land adjacent to the building. The office space is of course realty but no land apart from the office space was the subject matter of the lease. A person taking the description can readily locate the property covered. No difficulty is experienced in going to the building on Caroline Street in Houston that is numbered 2809. Only one building by that number is to be found. The building faces west and on entering the person finds a hallway leading east. To the left as he entered at the time the lease was executed, he found four rooms and an inner hall, with one entrance from the main hall, grouped together and shut off by partitions from other rooms. This is the northwest suite. Just east of this suite he would have found another group of rooms with an entrance from the main hallway, but this group separated from other rooms by partitions. On the right of the entrance would be the southwest suite, consisting of two rooms grouped together in that they had a connecting way at two steps and a doorway. Each of these two rooms had a door opening onto the hallway. Next, on the right as you go down the hall, is a group of three rooms and an inner hall connecting them. There is a door to the hall leading into this group of rooms. There is a back entrance leading into this group of offices. However, this group of offices is a unit separated from other groups of rooms by partitions. This is the southeast suite. When the term "suite" is used we immediately think of a group of connecting rooms designed and built as a unit to be used together and closed off from other space. Webster's International Dictionary defines "suite" as follows:

"A number of things constituting a set, series, complement, sequence, group, collection, or the like; as a suite of rooms * * *" Under the definition a specific definition is given, as follows: "A number of rooms en suite * * *" The Oxford English Dictionary gives this definition of the term "suite"; "A number of rooms forming a set used together by a person * * *"

There was only one southeast suite of offices. No one would entertain any doubt, on going into the building at 2809 Caroline Street, as to what was meant by the "southeast suite" of offices in the rear of the building. Appellant urges, however, that there were restrooms in the building which were not covered in the lease; that he used storage space outside of the rooms in the southeast part of the building, and that he and other tenants used the driveway and part of the lots on which the building was located for parking. This may be. There is nothing in the lease purporting to cover such, and there is no claim the lease covered such. However, there is no uncertainty in what the lease purported to cover. Too, as far as storage was concerned, permission was obtained by appellee to use the space after the lease was executed. Appellee also urges that an air conditioning room was physically located in the southeast suite. Actually, it cannot be entered from any room or the inner hall constituting the southeast suite. It can be entered only from the driveway and from the outside of the building. Too, it could not even be used as an office.

There is, we feel confident, no conflict between our holding here and any case cited by appellant, or any authority found by us in our independent research. We will not lengthen this opinion by distinguishing each. It is sufficient to say we have read and analyzed each case very carefully and consider them all factually different from the case before us.

The judgment of the trial court is affirmed.