Burl C. HAWKINS, et ux., Appellants,

v.

Arthur L. PUDERBAUGH, et
ux., Appellees.

No. A2562.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 27, 1981.

Carl L. Ray, Houston, for appellants.

Jim Sitgreaves, Robert A. Scardino, Byron P. Davis, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment against the defendants below in a suit for specific performance of a contract to convey real estate tried to a jury.

On May 4, 1976, Ada C. Hawkins signed a contract to sell certain real estate to Brenda J. and Arthur L. Puderbaugh (appellees). Ada Hawkins signed the contract for herself and for her husband, Burl C. Hawkins. Burl and Ada Hawkins (appellants) subsequently refused to sell the land. Appellees brought suit for specific performance. Appellants contended that the real estate was the separate property of Burl Hawkins, Ada Hawkins had no authority to sign the contract for her husband, and the Statute of Frauds bars enforcement of the contract. The jury found for appellees. The court entered a judgment for specific performance. We reverse and render.

Appellants contend that the trial court erred in not entering a directed verdict or a judgment non obstante veredicto based on the application of the Statute of Frauds. We sustain this point. The controlling issue is whether the property description in the contract identified the subject matter of the contract with reasonable certainty.

The contract describes the real property in question as follows:

*20.54 acres of land* in the M. H. Bundick Survey, Abstract No. 111, in Harris County, Texas, *being out of and a part of that certain 61.59 acres described in a Deed* dated September 25, 1950, recorded in volume 2165, page 308 of the Deed Records of Harris County, Texas, *from August Jantzc, et al., to Ervin H. Steinhagen,* reference to which instrument and its record is here made for all purposes, said 61.59 acres being re-surveyed by Cecil M. Wilson, registered public surveyor, and found to contain 62.21 acres of land, said *20.54 acres thereof being described by metes and bounds* copy of which is attached and part of this contract (emphasis added).

No such metes and bounds description was made or attached.

Appellees argue that the deed from August Jantzc to Ervin H. Steinhagen was incorporated into the contract by reference thereby rendering the property description sufficiently certain. This position might have merit except for the fact that the deed referred to was neither introduced into evidence nor attached to the contract or the pleadings. Documents not mentioned in the contract of sale were introduced but do not cure the defect.

The test for determining the sufficiency of a description of land in contracts to convey land, for compliance with the Statute of Frauds, is that the writing must furnish within itself, *or by reference to some other existing writing*, the means or data by which the land to be conveyed may be identified with reasonable certainty. *Williams v. Ellison*, 493 S.W.2d 734, 736 (Tex.1973); *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972). Where the description contained in the writing is inadequate, it is immaterial that a certain tract was in fact within the contemplation of the parties or that the court believes that a certain tract was in fact the subject matter of the contract. *Rowson v. Rowson*, 154 Tex. 216, 275 S.W.2d 468 (1955). Therefore, the Statute of Frauds is not satisfied; the contract as written and offered is unenforceable.

The judgment of the trial court is reversed and rendered.

Reversed and rendered.