J & J SYSTEMS, INC., Gary Todd Baugh, David Lynn Baugh, Bruce Perrin Baugh, Stephen Scott Baugh, and Frances Edmonia Baugh White, Appellants,

v.

TOWERS OF TEXAS, INC., Appellee.

No. 11–89–168–CV.

Court of Appeals of Texas, Eastland.

March 28, 1991.

Rehearing Denied May 2, 1991.

Mary Ann Fergus, Don N. Seamster, Wagstaff, Alvis, Stubbeman, Seamster & Longacre, Abilene, for appellants.

William A. Hicks, Frank R. Stamey, McMahon, Surovik, Suttle, Burhmann, Cobb & Hicks, Abilene, for appellee.

### OPINION

McCLOUD, Chief Justice.

This is an appeal from a judgment in favor of Towers of Texas, Inc. in a nonjury trial involving a radio transmission tower lease. We reverse and render.

On June 4, 1980, the predecessors in interest to the present lessors and lessee entered into a five-year lease of real property for the erection and maintenance of a radio transmission tower. The lease describes the property as follows:

> Lessor hereby leases to Lessee *a site* on the top of Double Mountain coordinates 33 03 55 latitude, 100 26 20 longitude and elevation approximately 2590 feet above sea level.... Said lease would be upon the following terms, considerations, conditions and covenants:
>
> \* \* \* \* \* \*
>
> (8) Lessee shall have the exclusive use of the space on top of said Double Mountain *hereinabove described* for said radio transmission tower and Les-

sor shall not *lease any space* on top of said Double Mountain for said purpose to any other party. (Emphasis added)

The longitude and latitude coordinates recited in the property description is an 18″ × 24″ area located on the side, not the top, of the mountain. Tower of Texas radio transmission tower and related equipment are not located upon the 18″ × 24″ tract.

J & J Systems, Inc., the landowners' partner, constructed a second tower for radio communications equipment on top of the mountain. The landowners did not lease any space on the top of Double Mountain to J & J Systems. Towers of Texas filed this suit alleging that it had exclusive use of the space on top of the mountain and that J & J Systems' conduct constituted a trespass.

Gary Todd Baugh, David Lynn Baugh, Bruce Perrin Baugh, Stephen Scott Baugh, and Frances Edmonia Baugh White, the current land owners, and J & J Systems urged the statute of frauds, contending that "top of the mountain" is an inadequate description, without reasonable certainty to support an enforceable real property lease.

In several points of error, appellants urge that the trial court erred in finding and concluding that the lease agreement covered the entire space on top of Double Mountain.

■ We hold that the real property covered by the lease is clearly and unambiguously limited to the geographical coordinates. Moreover, even if the lease covered "the space on top of said Double Mountain," such a description is insufficient to satisfy the statute of frauds and, therefore, cannot support an enforceable agreement as to such area.

■ To be enforceable under the statute of frauds, Tex.Bus. & Com.Code Ann. § 26.01 (Vernon 1987), a lease for more than one year must furnish, within itself or by reference to other identified writings then in existence, the means or data by which the particular land covered thereby can be identified with reasonable certainty. *Pick v. Bartel*, 659 S.W.2d 636 (Tex.1983);

*Blum v. Dismuke*, 314 S.W.2d 635 (Tex. Civ.App.—Houston 1958, writ dism'd).

■ Even assuming that the parties contemplated a certain tract to be covered by the lease, such does not remove the agreement from the statute of frauds to give validity to an agreement with an insufficient property description. *Rowson v. Rowson*, 275 S.W.2d 468 (Tex.1955); *Hawkins v. Puderbaugh*, 617 S.W.2d 758 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ).

■ Towers of Texas urges that appellants cannot assert the statute of frauds as a defense. An exception to the applicability of the statute of frauds can exist if each of the following elements are met: (1) payment of consideration; (2) possession of the leased premises by lessee; and (3) the lessee makes valuable improvements. *King v. Brevard*, 378 S.W.2d 681 (Tex.Civ.App.— Austin 1964, writ ref'd n.r.e.); *Medical Professional Bldg. Corporation v. Ferrell*, 131 S.W.2d 683 (Tex.Civ.App.—San Antonio 1939, no writ). Towers of Texas has not met the element of possession of the leased premises by the lessee. The leased premises clearly cover only the geographical coordinates, which is a valid and sufficient description. The cases that Towers of Texas relies upon involve leased premises of ascertainable boundaries which have been insufficiently described, thus rendering the agreement unenforceable. In contrast, Towers of Texas attempts to add additional property, unascertainable and insufficiently described, to the coverage of an otherwise valid, enforceable lease.

We specifically note that our holding and disposition of this case on the basis of the description of the premises covered by the lease make it unnecessary for us to consider the points raised concerning whether the lease had expired and was not timely renewed.

Our holding that the lease covers only the area described by geographical coordinates makes consideration of the remaining points of error unnecessary. The judgment of the trial court is reversed, and

judgment is rendered that Towers of Texas, Inc. take nothing.