**TOWERS OF TEXAS, INC., Petitioner,**

v.

**J & J SYSTEMS, INC., Gary Todd Baugh, David Lynn Baugh, Bruce Perrin Baugh, Stephen Scott Baugh and Frances Edmonia Baugh White, Respondents.**

No. D–1192.

Supreme Court of Texas.

April 22, 1992.

William H. Hicks, Abilene, for petitioner.

Mary Ann Fergus, Donald N. Seamster, David M. Hurst, Abilene, for respondents.

PER CURIAM.

The issue in this case is whether the trial court properly found that a real property lease purporting to lease a single point for construction of a broadcasting tower was ambiguous. The case was tried to the court, which held the property description in the lease was ambiguous and resolved the factual issue of the location of the leased premises in favor of Towers of Texas, Inc. (Towers), as assignee of the lease. The court of appeals reversed the trial court judgment and rendered judgment for the lessor. 833 S.W.2d 532. The court of appeals held that the lease was unambiguous as a matter of law and that the property description standards for a deed applied to a real property lease. We disagree and hold that the lease is ambiguous as a matter of law because its property description technically describes only a point on the earth's surface and its meaning is otherwise unclear from the face of the document. We reverse the judgment of the court of appeals and remand the cause to that court for consideration of insufficient evidence points.

Towers was assigned a long-term lease for a radio broadcasting tower site. The lease provided:

Lessor hereby leases to Lessee a site on the top of Double Mountain coordinates 33° 03′ 55″ latitude, 110° 26′ 20″ longitude and elevation approximately 2590 feet above sea level for the purpose of erecting and maintaining a radio transmission tower....

Lessee shall have the exclusive use of the space on top of said Double Mountain hereinabove described for said radio transmission tower and lessor shall not lease any space on top of said Double Mountain for said purpose to any other party.

Towers' predecessor in interest built the radio tower on a flat and accessible site on top of the mountain, but not where the geographical coordinates described. The lessors, the Baughs, and J & J Systems, Inc. erected a second radio tower near that of Towers' existing tower. Asserting rights under the lease language that lessee had "the exclusive use of the space on top" of Double Mountain for radio tower purposes, Towers sued the Baughs and J & J Systems for damages for breach of the lease, for trespass, and for injunctive relief.

After a bench trial, the court filed findings of fact and conclusions of law. In particular, the trial court found that the geographical coordinates referenced in the lease indicated a point on the side of the mountain unsuitable for construction of a radio transmission tower, buildings, telephone poles, and a road; that the top was the only space on Double Mountain economically feasible for location and operation of a radio transmission tower; and that the original parties to the lease, as well as plaintiff and defendants, all interpreted the contract to be a lease of all the property on top of Double Mountain, and not a lease of only the point referenced by the geographical coordinates in the lease. The trial court rendered judgment for Towers consistent with its findings.

J & J Systems and the Baughs appealed. They complained of no evidence or insufficient evidence to support the trial court's various findings of fact. The court of appeals agreed with a position asserted in respondents' trial court pleading that "the top of the mountain" violated the statute of frauds as an insufficient property description. The court of appeals reversed the trial court, rendering judgment instead that

Towers take nothing. The court of appeals held "that the real property covered by the lease is clearly and unambiguously limited to the geographical coordinates."

■ A written instrument is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning, taking into consideration the circumstances present when the instrument was executed. *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex.1983). The "geographical coordinates" in the lease describe a single point[1], but the purpose was to grant area sufficient in size and appropriate in locale for a radio transmission tower. The lease therefore is ambiguous. Further, the evidence established the general physical contours of Double Mountain have not changed. They were circumstances with reference to which the original parties executed the lease. Uncontroverted evidence of physical characteristics established that (1) the point described by the coordinates in the lease was on the steep inaccessible side of the mountain where it would not be feasible to build a radio tower; (2) the elevation on the mountain at that point did not coincide with the elevation stated in the lease; and (3) the point was not physically "on top" of the mountain as described in the lease. The trial court correctly held that on its face and from the circumstances surrounding its execution, the lease was ambiguous.

We have reviewed the record. There is evidence to support the trial court's findings and the court of appeals committed reversible error in substituting its judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978).[2]

---

1. The lease details coordinates described in degrees, minutes and seconds of arc. There was testimony at trial that to avoid going out of the "point" thus described, to the extent it can be approximated on the ground, one would be confined to an area of approximately eighteen inches by twenty-four inches. Thus the testimony and portions of the briefs refer to the 18″ X 24″ area. Whether the location was the actual theoretical "point" or an 18″ x 24″ area about that "point" makes no difference for purposes of determining ambiguity, since even the expanded "point" on its face is too small to support a broadcast tower. We refer to a "point" using the trial court's findings treating it as a single theoretical point.

2. When only no evidence and insufficient evidence points are presented the court of appeals may reverse and remand because of insufficient evidence to support the facts found, but it may not render judgment contrary to the trial court's unless there is no evidence to support an essential trial court finding.

Accordingly, pursuant to TEX.R.APP.P. 170, we grant Towers' application for writ of error and, without hearing argument, a majority of the court reverses the judgment of the court of appeals. Because factually insufficient evidence points were presented to the court of appeals, we remand the cause to that court for consideration of those points. *Dancer v. City of Houston*, 384 S.W.2d 340, 345 (Tex.1964).