# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00214-CV

**Zeecon Wireless Internet, LLC, Appellant**

**v.**

**Joanna McEwen, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 30,349, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a suit for a breach of a lease agreement filed by lessor, appellee Joanna McEwen, against lessee, appellant Zeecon Wireless Internet, LLC. Finding that no equitable exception applies to remove the lease agreement from the requirements of the statute of frauds, we reverse the judgment of the district court and render judgment that McEwen take nothing on her claims.

Zeecon and McEwen entered into a written, five-year lease agreement pursuant to which Zeecon would build and maintain a radio tower on McEwen's property. The lease agreement described the property as "Lessor's 5 acre site as mutually agreed upon by Lessor and Lessee." No further description was included.

Zeecon paid McEwen the first month's rent upon signing the agreement and hired a laborer to dig a seven-foot hole for the installation of the tower. According to Zeecon, once the

laborer dug about two feet on McEwen's property, he found blue stone rock and was unable to dig any further. Zeecon stopped the installation of the radio tower on McEwen's property and offered her $200 for cancellation of the agreement. McEwen refused Zeecon's offer and filed suit for breach of contract, seeking lease payments for the full five-year lease term and attorneys' fees.

In September 2005, the case went to trial, and the district court entered judgment in favor of McEwen. Zeecon appealed based on the district court's refusal to consider Zeecon's First Amended Answer, filed seven days before trial. The district court ruled that the amended answer, which included Zeecon's affirmative defense that the agreement was unenforceable due to the application of the statute of frauds, would act as an unfair surprise to McEwen. *See* Tex. R. Civ. P. 63, 94. On appeal, this Court held that the district court abused its discretion in striking Zeecon's amended answer because the record conclusively showed that McEwen was "aware of the defense from the outset of the case, admit[ted] that she was aware of it, and was not surprised by the inclusion of the defense in the amended answer filed seven days before trial." *Zeecon Wireless Internet, LLC v. McEwen*, 212 S.W.3d 764, 767 (Tex. App.—Austin 2006, no pet.). We remanded the case to the district court for a new trial.

The case went to trial for a second time in May 2007. The district court again found in favor of McEwen and awarded her lost rent for the full five-year lease term as well as prejudgment and postjudgment interest and attorneys' fees. The district court issued conclusions of law, concluding that "the description of the land was fixed by mutual agreement upon Defendant taking possession and starting the hole for erection of a pole" and that the statute of frauds did not apply in that:

(1) The Defendant paid consideration for the use of that portion of the Property contemplated by the Contract; (2) The Defendant assumed possession of that portion of the Property contemplated by the Contract; and (3) The Defendant made improvements to that portion of the Property contemplated by the Contract.

Zeecon appeals, arguing that the application of the statute of frauds prevents enforcement of the contract because there is no evidence to support the district court's finding that an equitable exception to the statute of frauds applies.

The statute of frauds requires that, to be enforceable, "a lease of real estate for a term longer than one year" must be in writing. Tex. Bus. & Com. Code Ann. § 26.01 (West 2009). Accordingly, the five-year lease agreement here was subject to the statute of frauds. *See id.* The parties executed a written lease agreement, but the agreement did not include a proper description of the land. Although there was some dispute at trial as to whether the description of the land as "Lessor's 5 acre site as mutually agreed upon by Lessor and Lessee" was sufficient to satisfy the requirements of the statute of frauds, the district court issued conclusions of law that assumed the omission of a more precise description would, indeed, make the contract unenforceable absent some exception:

> Although a lease of real property, the Texas Statute of Frauds does not apply due to an exception to the Statute of Frauds, in that: (1) The Defendant paid consideration for the use of that portion of the Property contemplated by the Contract; (2) The Defendant assumed possession of that portion of the Property contemplated by the Contract; and (3) The Defendant made improvements to that portion of the Property contemplated by the contract.

Here, neither party takes issue with the district court's implied conclusion that the agreement's description of the land is insufficient to satisfy the statute of frauds and, therefore, that the contract

is unenforceable absent applicability of some exception. Rather, the issue presented to us is whether an exception to the statute of frauds applies to allow enforcement of the lease.

At trial, McEwen relied on the partial-performance exception to the statute of frauds, arguing that equity required enforcement of the agreement. The district court concluded that an exception applied, reciting language from a line of cases establishing an exception to the statute of frauds when the purchaser or lessee has paid consideration, taken possession of the seller's or lessor's land, and made valuable improvements to the seller's or lessor's land such that the purchaser or lessee would be defrauded if the agreement were not enforced. *See Hooks v. Bridgewater*, 229 S.W. 1114, 1116 (Tex. 1921); *J & J Sys., Inc. v. Towers of Tex., Inc.*, 833 S.W.2d 532, 534 (Tex. App.—Eastland 1991), *rev'd on other grounds*, 834 S.W.2d 1 (Tex. 1992). Zeecon argues that this exception does not apply here because there is no evidence that it—the lessee—has made valuable improvements to the property. We agree.

McEwen testified at trial that no value had been added to her property:

> Q. Okay. But you don't have any substantial value added to the property because of this lease; is that correct?
>
> A. If the pole had been placed and I received the money, I'd have some money in my pocket. But the way it is, I have nothing and a big hole.

Thus, by McEwen's own admission, there is no evidence that any valuable improvements were made to the property. Moreover, even if Zeecon had made valuable improvements, equity does not require enforcement of the agreement, as it is McEwen, the lessor, rather than Zeecon, the lessee, who is attempting to enforce the agreement.

McEwen argues that the line of cases requiring valuable permanent improvements rather than just improvements applies only to the sale of real property, asserting that "different rules apply to exceptions to the statute of frauds involving the sale of property as opposed to the mere leasing of property." McEwen, does not, however, cite to any cases that set out different rules for leases, and we find none. *See J & J Sys.*, 833 S.W.2d at 534 (applying partial-performance exception to lease agreement). Moreover, as even McEwen points out, a court's determination as to whether the partial-performance exception applies should turn not on technicalities, but on the equities between the parties. An equitable resolution requires enforcement where the non-breaching party has benefitted the breaching party, whether seller or lessor, by adding valuable improvements to the land. As noted, Zeecon made no valuable improvements to McEwen's land, and it is McEwen, not Zeecon, who seeks to enforce the agreement. There is no evidence that, if the contract is not enforced, Zeecon, the breaching party, would reap an unearned benefit or that McEwen, the non-breaching party, would have no adequate remedy for a substantial harm. *See Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.—Dallas 2002, pet. denied) (requirements for partial-performance exception); *Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.—Texarkana 1989, no writ) (burden on party seeking to establish exception). Thus, the equities do not require enforcement of a contract that has been determined to be otherwise unenforceable as not complying with the requirements of the statute of frauds. Accordingly, we sustain Zeecon's points of error on this issue.

Zeecon also argues that the district court erred in setting aside this Court's mandate that McEwen pay costs associated with the first appeal. However, the record before us shows

5

that, following retrial, the district court issued a final judgment that included a credit in the amount of costs owed to Zeecon, offsetting in part the damage award in favor of McEwen. In light of our disposition of this appeal, we assume that, in the absence of any offsetting damage award to McEwen, the district court will enforce our mandate assessing the costs of appeal against McEwen, as well as the mandate that issues as a result of our disposition here. *See* Tex. R. App. P. 51.1(b).

Having sustained Zeecon's points of error as to the applicability of the partial-performance exception to the statute of frauds, we reverse the district court's judgment in McEwen's favor and render judgment that McEwen take nothing by way of her claims against Zeecon.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Reversed and Rendered

Filed: February 12, 2010