# IN THE SUPREME COURT OF TEXAS

No. 15-0882

IN RE DEAN DAVENPORT, ET AL., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BOYD, joined by JUSTICE LEHRMANN, concurring.

The Client,[1] represented by the Attorneys,[2] settled a lawsuit and received both monetary payments and ownership interests in a business referred to as WECO. Pursuant to their contingency-fee agreement, the Client paid the Attorneys forty percent of the monetary payments. The issue is whether the agreement also requires the Client to give the Attorneys forty percent of the WECO interests. A jury found that the agreement does not. The trial court then concluded that it unambiguously does and granted a new trial. The Court concludes that it unambiguously does not and orders the trial court to set aside the new-trial order and enter judgment for the Client.

Who's being unreasonable here? When a contract's language can reasonably support only one definite or certain meaning, it is unambiguous, and courts must construe it as a matter of law. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (per curiam) (citing

---

[1] Dean Davenport, Dillon Water Resources, Ltd., 5D Drilling and Pump Service, Inc. f/k/a Davenport Drilling & Pump Service, Inc., 5D Water Resources, LLC f/k/a Davenport Oper., LLC, Water Exploration Co., Ltd., WAD, Inc., Water Investment Leasing Company, LLC, Blue Gold Resources Management, LLC, Blue Gold Properties, LLC, and Blue Gold Development, LLC (collectively, the Client).

[2] Tom Hall, Thomas C. Hall, P.C., and Blake Dietzman (collectively, the Attorneys).

*Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)). But if the language is fairly susceptible to more than one reasonable interpretation, it is ambiguous and its meaning becomes a fact issue for the jury to decide. *See id.*[3] Is the Client's, jury's, and Court's construction of the agreement unreasonable, as the trial court concluded? Or is the Attorneys' and trial court's construction unreasonable, as this Court concludes?

I conclude that the agreement is ambiguous because it reasonably supports both constructions. The trial court thus erred by deciding that the agreement unambiguously requires the Client to give the Attorneys forty percent of the WECO interests, but this Court errs by deciding that it unambiguously does not. Instead, the agreement's meaning presents a jury issue. The trial court was initially correct to submit it to the jury, and the jury found that the agreement does not require the Client to give the Attorneys the WECO interests. I join the Court's judgment ordering the trial court to vacate its new-trial order and enter judgment for the Client, but I would order the trial court to enter the judgment based on the jury's verdict, not because the agreement unambiguously favors the Client as a matter of law.

The agreement at issue is a contingency-fee agreement between the Attorneys and "Dean Davenport on his behalf and on behalf of related entities, 5D Drilling and Pump Services, Inc., Dillon Water Services, LP, and Wanda Davenport." The agreement's express "purpose" is to "successfully pursue Client's *claim* arising out of business dealings with WECO." (Emphasis added). To that end, the Client expressly authorizes the Attorneys "to act in his . . . behalf to obtain

---

[3] *See also Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam) ("The jury's task is to decide a fact issue based on the preponderance of the evidence."); *Coker*, 650 S.W.2d at 394 ("When a contract contains an ambiguity, . . . the interpretation of the instrument becomes a fact issue.") (citing *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1980)).

satisfaction of *that claim*." (Emphasis added). In the provision pertinent here, the agreement then states:

> In consideration for the present agreement of [the Attorneys] to represent [the] Client and the promise to render legal services in the future in pursuit of *this claim*, [the] Client agrees to sell, transfer, assign and convey to [the Attorneys] an undivided interest in *the above claim* to be calculated as follows:
>
> **Forty percent (40%) of the *gross amount recovered***
> **Except that Attorneys will not take *a fee* out of**
> **the ownership of 5D Water Resources and Dillon Water Services**
> **. . . .**
> **By "GROSS AMOUNT" is meant the *total sums recovered*.**

(Italics added). The agreement later provides that the Client "acknowledges that any proceeds from *this claim* are to be paid jointly to Client and Attorneys, and Client hereby agrees to properly endorse any and all drafts for the purpose of depositing in the trust account of attorneys for disposition." (Emphasis added).

The Client argues that by defining "gross amount" as the "total *sums* recovered," the agreement unambiguously provides for a contingency fee based only on a percentage of the Client's *monetary* recovery. Because dictionaries define the word "sum" to mean a quantity of "money," and because "[n]o textual support indicates 'sums' includes an 'ownership interest,'" the Court agrees. *Ante* at ___ (quoting *Sum*, BLACK'S LAW DICTIONARY (9th ed. 2009); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2289 (1986)). I agree that this is a reasonable construction. The agreement defines the Attorneys' contingency interest as a portion of the "total sums recovered," and "sums" ordinarily refers to money.

The Attorneys note, however, that the agreement expressly identifies the Client's "claim arising out of business dealings with WECO" and grants the Attorneys "an undivided interest" in that "*claim*." The Attorneys argue, and the trial court agreed, that because the agreement grants

3

the Attorneys an interest in the claim and then provides that the Attorneys will not take a "fee" from the Client's "ownership of" other companies, the agreement unambiguously entitles the Attorneys to forty percent of the WECO interests the Client recovered on the claim. I agree that this is a reasonable construction. The agreement grants the Attorneys an interest in the claim itself, and if that interest by definition only included an interest in *money* recovered, the provision that the Attorneys will not take their "fee" out of ownership interests in 5D and Dillon would have no meaning or effect at all.

The Court concludes that this construction is unreasonable not only because "sums" refers to money, but also because attorneys have a duty to draft "clear" fee agreements. *Ante* at ___ (citing *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 450 (Tex. 2011)). But as the Court acknowledges, that does not mean that an attorney-fee agreement cannot ever be ambiguous or that "every dispute over the contract's meaning must be resolved against the lawyer." *Ante* at ___ (quoting *Anglo-Dutch*, 352 S.W.3d at 451). The Attorneys' duty to draft a "clear" agreement merely requires us to construe the agreement by considering how "a reasonable person in the circumstances of the client would have construed" the agreement. *Id.* (quoting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 18 cmt. h (AM. LAW. INST. 2000)). In light of the agreement's references to the "claim," the "fee," and "ownership" interests, I believe a reasonable person in the Client's position could conclude that the "gross amount recovered" includes the Client's interests in WECO.

This Court does not often find contracts to be ambiguous, but when an ambiguous contract

4

has come before us, we have had no problem calling it what it is.[4] Because neither the Client's nor the Attorneys' construction of this agreement is unreasonable, the agreement is ambiguous. The trial court thus properly submitted the issue to the jury, and it should now vacate its new-trial order and render judgment for the Client based on the jury's verdict. I do not agree with the Court that the trial court should enter judgment for the Client *as a matter of law*. But because the jury found for the Client and the Court orders the trial court to render judgment for the Client, I respectfully concur.

_____

Jeffrey S. Boyd
Justice

Opinion delivered: June 16, 2017

---

[4] *See, e.g.*, *RSUI Indem. Co. v. The Lynd Co.*, 466 S.W.3d 113, 120 (Tex. 2015) ("[W]e conclude that the endorsement reasonably can be read to support either party's proposed construction and is therefore ambiguous."); *Milner v. Milner*, 361 S.W.3d 615, 619–23 (Tex. 2012) (holding that mediated settlement agreement was ambiguous when it was not clear whether transfer of partnership was conditioned on consent of other partners); *Exxon Corp. v. W. Tex. Gathering Co.*, 868 S.W.2d 299, 302 (Tex. 1993) ("Because one could reasonably interpret the contract either way, it is ambiguous."); *Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993) (holding that contracts were ambiguous when both set out different prices and included provisions "purporting to override the other" contract); *Towers of Tex., Inc. v. J & J Sys., Inc.*, 834 S.W.2d 1, 2 (Tex. 1992) (per curiam) (holding that "geographical coordinates" in lease that describe only a single point was ambiguous); *White v. Moore*, 760 S.W.2d 242, 243 (Tex. 1988) (holding that will leaving mother's estate to her children "and to the survivor or survivors of them" was ambiguous as to whether grandchild whose father had died inherited under will); *Coker*, 650 S.W.2d at 394–95 (holding that divorce decree was ambiguous as to whether husband agreed to pay wife a specified amount of money or whether wife was merely assigned all of husband's interest in commissions); *Neece v. A.A.A. Realty Co.*, 322 S.W.2d 597, 601 (Tex. 1959) (holding that form contract containing two captions, one of which should have been deleted, was ambiguous).