NO. 07-10-0515-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 23, 2011

_____

IN RE: CHARLES ROBISON AND CHERIE ROBISON,

RELATORS

_____

ORIGINAL PROCEEDING

ARISING OUT OF PROCEEDINGS BEFORE THE 72ND DISTRICT COURT OF

LUBBOCK COUNTY;

NOS. 2009-546,118 & 2009-546,118-B, HONORABLE RUBEN G. REYES, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Relators, Charles Robison and Cherie Robison, (hereafter collectively, "the Robisons") submit this petition for writ of mandamus complaining of three separate orders of the trial court, entered in two separate causes of action, arising out of a claim for personal injuries stemming from a work-related injury suffered by Charles Robison while employed by the Real Party In Interest, West Star Transportation, Inc., (West

Star).  For the reasons that follow, we conditionally grant their petition as to the dismissal of West Star's claims presently pending in Cause No. 2009-546,118-B, thereby rendering moot their petition as it pertains to the disqualification of the Robisons' counsel in that cause and the abatement of Cause No. 2009-546,118.

## Background

On or about April 23, 2007, Charles Robison was injured when he fell while working for West Star.  Charles, joined by his wife, Cherie, originally filed suit (hereafter the "personal injury cause of action") against West Star, under the Texas Workers' Compensation Act,[1] which suit was assigned Cause No. 2009-546,118.[2]  West Star, a non-subscriber, maintained an insurance policy with limits of $500,000.  During the course of this litigation, pursuant to the *Stowers* doctrine,[3] the Robisons offered to settle their personal injury cause of action for a sum within West Star's policy limits.  The Robisons' settlement offer expressly provided that the offer expired at 5:00 p.m. on May 8, 2009.  West Star maintains that its counsel, Levi McCathern, verbally accepted that offer during a telephone conversation with one of the Robisons' attorneys, Christopher Carver, on May 7, 2009.  McCathern faxed a written acceptance of the settlement offer to Judson Waltman, another attorney for the Robisons, at 5:41 p.m. on May 8, 2009.  A

---

[1]*See* Tex. Lab. Code Ann. §§ 401.001 - 419.007 (West 2006 and West Supp. 2010).

[2]*Plaintiff's Original Petition,* filed January 29, 2009, also named A & S Transportation, Inc. as a defendant.

[3]*G. A. Stowers Furniture Co. v. Am. Indem. Co.,* 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved).

dispute then arose as to whether or not an enforceable settlement agreement had been reached.

When the Robisons refused to be bound by the disputed settlement agreement, West Star amended its answer on May 29, 2009, to include the affirmative defense of settlement. In response, the Robisons filed a no-evidence motion for partial summary judgment as to that defense, averring that there was no effective settlement agreement because there was no meeting of the minds and the settlement offer, as presented, was not timely accepted. On July 31, 2009, West Star filed its response to the Robisons' motion for partial summary judgment and it filed a motion to enforce the settlement agreement. Thereafter, on November 24, 2009, West Star filed a counterclaim against the Robisons alleging a breach of contract based upon the failure of the Robisons to honor the purported settlement agreement.

On February 5, 2010, the trial court denied West Star's motion to enforce the settlement agreement; and, at the same time, ruled that the Robisons' motion for partial summary judgment was moot. Six months later, on August 26, 2010, West Star filed a motion to sever its breach of contract counterclaim from the Robisons' personal injury cause of action. Following a hearing on this motion, the trial court stated that it was "of the opinion that there is not an agreement in compliance with Texas Rule of Civil Procedure 11," but nevertheless denied the Robisons' motion for partial summary judgment (previously determined to be moot), granted the motion to sever, and abated

3

the personal injury cause of action "until such time as Defendant West Star's counterclaim against Plaintiffs Charles Robison and Cherie Robison is fully adjudicated." The severed cause of action (hereafter "the contract cause of action") was then assigned Cause No. 2009-546,118-B. On September 20, 2010, in the contract cause of action, West Star filed its motion to disqualify the Robisons' counsel on the basis that they were witnesses to necessary facts relevant to the contract cause of action, to-wit: the terms and existence of the alleged oral settlement agreement. On December 16, 2010, the trial court granted West Star's motion to disqualify Carver and Waltman, but denied the motion to disqualify as to the Lanier Law Firm, P.C. and the law firm of Christopher Carver.

The Robisons now seek a writ of mandamus from this Court directing the trial court to: (1) dismiss West Star's breach of contract cause of action, (2) vacate its order abating the personal injury cause of action, and (3) vacate its order disqualifying the Robisons' counsel.

## Mandamus Standard of Review

In order to be entitled to relief by writ of mandamus, a relator must meet two basic requirements: (1) it must show that the trial court clearly abused its discretion, and (2) it must show that they have no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840-44 (Tex. 1992) (orig. proceeding). "Mandamus issues only to correct a clear

4

abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1965). Accordingly, an incorrect construction of the law or a misapplication of the law to undisputed facts is an abuse of discretion. *Walker,* 827 S.W.2d at 840.

As to the second requirement, no adequate remedy by appeal, there is no comprehensive definition of the word *adequate.* Instead, the determination of whether or not there is an adequate remedy by appeal is a matter left to the sound discretion of the compelling court after a "careful balance of jurisprudential considerations," including both public and private interests. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *In the Matter of the Marriage of J.B. and H.B.; In re State of Texas,* 326 S.W.3d 654, 661 (Tex.App.--Dallas 2010, pet. filed) (direct appeal and orig. proceeding).

While generally a mere increase in the cost of litigation or a delay in the resolution of disputed issues does not, *per se,* render appellate review inadequate, *In re Ford Motor Co.,* 988 S.W.2d at 727, the Texas Supreme Court has recognized that

5

there are exceptional occasions where the benefits of mandamus are so great that the available appellate procedures are rendered inadequate:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*In re Prudential Ins. Co. of Am.,* 148 S.W.3d at 136.

In any event, when a petition for writ of mandamus is filed, the relator bears the burden of showing entitlement to the relief requested. *Johnson,* 700 S.W.2d at 917. Therefore, in order to be entitled to mandamus relief in this case, the Robisons would have to establish (1) that the complained of decisions were a clear abuse of discretion and (2) that they did not have an adequate remedy at law.

## Analysis

According to the Robisons' argument, if the trial court would have granted their motion for partial summary judgment seeking dismissal of West Star's contract cause of action, then there would have been no need to abate the personal injury cause of action and no need to disqualify their counsel in the contract cause of action. As such, the very gravamen of the Robisons' complaint is that the trial court erred in denying their

6

motion for partial summary judgment as to West Star's contract cause of action. In its *Response to Relator's Petition for Writ of Mandamus,* West Star agrees; however, it contends that mandamus simply will not lie to remedy the denial of a motion for partial summary judgment because the Robisons have an adequate remedy by appeal. Therefore, for purposes of logical sequence, we will first review whether the trial court abused its discretion by denying the Robisons' motion for partial summary judgment and then review whether any remedy the Robisons might have by appeal is adequate.

*Abuse of Discretion*

The Robisons, relying upon Rule 11 of the Texas Rules of Civil Procedure, contend the trial court erred by denying their no-evidence motion for partial summary judgment because West Star's contract cause of action relies upon an *unenforceable* settlement agreement. Specifically, the Robisons contend that West Star did not comply with Rule 11 by timely accepting their settlement offer in writing. West Star counters arguing that because the Robisons' settlement offer did not specify a means of acceptance, the offer could be accepted in any reasonable manner, including oral acceptance. West Star further contends that because the settlement offer was timely accepted by McCathern's oral acceptance on May 7, 2009, and because the fax confirmation of the oral acceptance satisfies the "in writing" requirement of Rule 11, the trial court did not err in denying the Robisons' motion for partial summary judgment. We

7

believe West Star confuses general contract principles with the requirements of an enforceable settlement agreement.

The pivotal legal issue presented by this case is whether the oral acceptance of a written settlement offer complies with the "in writing" requirement of Rule 11? We conclude that it does not. Rule 11 provides:

> Unless otherwise provided in these Rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Rule 11 was designed to avoid disputes concerning oral settlement agreements. *Padilla v. La France*, 907 S.W.2d 454, 461 (Tex. 1995). In *Kennedy v. Hyde,* 682 S.W.2d 525 (Tex. 1984), the Texas Supreme Court stated that the policy behind Rule 11 is clear. "The rationale underlying Rule 11 is sensible and contributes to efficient court administration. Agreements and stipulations are welcomed by the courts because they limit the matters in controversy and expedite trial proceedings. *Rule 11 ensures that such agreements do not themselves become sources of controversy, impending resolution of suits.* The requirements of Rule 11 are not onerous; the benefits are substantial." *Id.* at 530 (emphasis added).

So just what are the "non-onerous" requirements of Rule 11 as they apply to the facts of this case? Clearly, the disputed agreement touches upon a pending suit and, just as clearly, that agreement was not made in open court and entered of record.

8

Therefore, under the facts of this case, in order to be enforceable, the only requirement of Rule 11 is that the agreement be "in writing, signed and filed with the papers as part of the record."[4]

First, West Star contends that the "in writing" requirement of Rule 11 is met by the Robisons' written settlement offer itself and, therefore, the trial court did not err in denying summary judgment because the oral acceptance of that offer presented a disputed fact issue. Secondly, West Star contends its oral acceptance followed by written confirmation satisfies the "in writing" requirement of an enforceable Rule 11 agreement.

Even assuming that a factual dispute exists as to whether McCathern did orally accept the settlement agreement in his May 7 telephone conversation with Carter, that is not a dispute pertaining to a material issue because West Star's oral acceptance of the Robisons' written settlement agreement, even if it occurred, does not comply with the "in writing" requirement of Rule 11.

It is undisputed that prior to 5:00 p.m. on May 8, 2009, there was no written document "signed" by West Star accepting the Robisons' offer.[5] Because there was no written document binding West Star, the existence of any settlement agreement cannot

---

[4]There is no dispute as to whether an agreement was "filed with the papers as part of the record." *See Padilla,* 907 S.W.2d at 461.

[5]A contract is "signed" if it contains an authentication that identifies and binds the signing party. Tex. Bus. & Com. Code Ann. § 2.201, cmt. 1 (West 2009).

9

be ascertained without resorting to oral testimony. Under these circumstances, the purpose of the rule is furthered by requiring the written acceptance of a settlement offer.

Furthermore, in discussing the "in writing" requirement of Rule 11, the Texas Supreme Court has analogized that rule to the statute of frauds, which also requires certain contracts be in writing before they are enforceable.[6] *Padilla,* 907 S.W.2d at 460. Under the statute of frauds, in order to form a binding contract by the acceptance of a written offer, "the acceptance must be in writing." *Hill v. Rich,* 522 S.W.2d 597 (Tex.Civ.App.--Austin 1975, writ ref'd n.r.e.) (quoting *Am. Nat'l Ins. Co. v. Warnock,* 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938)) (holding that the oral acceptance of a written offer was ineffective to form a contract otherwise required to be in writing); *Walker Ave. Realty Co. v. Alaskan Fur Co.,* 131 S.W.2d 196, 200 (Tex.Civ.App.--Galveston 1939, writ ref'd) (holding oral acceptance of written offer to lease real property was ineffective to form a lease agreement). We believe that this statute of frauds principle equally applies to Rule 11 agreements. Therefore, we conclude the requirements of Rule 11 were not satisfied by West Star's oral acceptance of the Robisons' written settlement offer.

---

[6]The Statute of Frauds provides:

> (a)     A promise or agreement described in Subsection (b) of this section *is not enforceable* unless the promise or agreement, or a memorandum of it, is
>       (1)     *in writing;* and
>       (2)     *signed* by the person to be charged with the promise or agreement or someone lawfully authorized to sign for him.

Tex. Bus. & Com. Code § 26.01 (West 2010) (emphasis added).

10

Whether West Star's fax confirmation of its oral acceptance satisfied the "in writing" requirement of an enforceable Rule 11 agreement is also immaterial for several reasons. One, the trial court previously found that there was "not an agreement in compliance with Texas Rule of Civil Procedure 11." Two, the express terms of the settlement offer required acceptance by 5:00 p.m. on May 8, 2009, and the record is devoid of any evidence of a pre-5:00 p.m. written acceptance. Where a settlement offer prescribes a specific deadline for acceptance, that deadline must be met in order to create a binding settlement agreement. *Padilla,* 907 S.W.2d at 460. Finally, West Star bore the burden of at least raising a fact issue concerning any pre-5:00 p.m. written acceptance and it failed to do so.

The dispute pending between the Robisons and West Star concerning the settlement agreement in question is the very scenario Rule 11 was designed to prevent. Because there was no written acceptance in compliance with the terms of the Robisons' settlement offer, the trial court's decision to allow the settlement agreement litigation to continue was a misapplication of the law to the facts, i.e., a clear abuse of discretion. *See Walker,* 827 S.W.2d at 840. Accordingly, we find the trial court did abuse its discretion in denying the Robisons' motion for partial summary judgment.

*Adequate Remedy by Appeal*

Having satisfied the first requirement for mandamus relief, we must now determine whether the Robisons had an adequate remedy by appeal. While mandamus

11

relief is *generally* not available when a trial court denies summary judgment, it is not automatically unavailable just because the complaining party may have some theoretical appellate relief available at some time in the future. *See In re United Servs. Auto. Ass'n,* 307 S.W.3d 299, 314 (Tex. 2010) (orig. proceeding) (trial court directed to grant motion for summary judgment). *See also State Bar of Texas v. Heard,* 603 S.W.2d 829 (Tex. 1980) (orig. proceeding) (trial court directed to grant motion to suspend license to practice law during pendency of appeal); *In the Matter of the Marriage of J.B. and H.B.; In re State of Texas,* 326 S.W.3d 654, 681 (Tex.App.--Dallas 2010, pet. filed) (direct appeal and orig. proceeding). In those cases where the benefits of mandamus relief outweigh the detriments, an appellate court should not allow the hyper-technical application of procedural devices and constructs to thwart the rule of law and the ends of justice.

Because the trial court erred in denying summary judgment, an almost four-year-old personal injury cause of action has been put on hold while the parties litigate an unenforceable settlement agreement. The Robisons have been forced to hire new counsel, and all parties, including both the trial court and this Court, will be forced to endure the delay, cost, and expense of both the litigation and inevitable appeal of nothing more than an unenforceable oral settlement of the abated personal injury cause of action. Considering the merits of the contract cause of action, discussed hereinabove, we find that denying mandamus relief would frustrate the purpose and intent of Rule 11 by a "too strict application of our own procedural devices." See *In re*

12

*McAllen Med. Ctr.*, 275 S.W.3d 458, 467 (Tex. 2008). *See also In re United Servs. Auto. Ass'n,* 307 S.W.3d at 314. Accordingly, under the facts of this case, we believe the benefits of mandamus review greatly outweigh the detriments and, accordingly, find that the Robisons have no adequate remedy at law.

**Conclusion**

This is an exceptional case because it implicates not only the basic principles of subject-matter jurisdiction in controversies involving Rule 11 settlement agreements, it also implicates a party's constitutional right to representation by counsel of his or her own choosing. Denying mandamus relief in this case would thwart the purpose and policy considerations underlying Rule 11, thereby rendering it meaningless. Because these extraordinary circumstances merit extraordinary relief, we conditionally grant the Robisons' petition for writ of mandamus on the dismissal issue. Accordingly, the trial court is directed to grant the Robisons' motion for partial summary judgment as to the contract cause of action. The trial court's orders severing the contract cause of action from the personal injury cause of action, abating the personal injury cause of action, and disqualifying the Robisons' attorneys in the severed contract cause of action will be rendered moot thereby. Only if the trial court fails to comply with this order will a writ issue.

Per Curiam

13