NO. 07-12-0511-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 13, 2012

_____

IN RE BOBBY WAYNE SMITH, RELATOR

_____

ORIGINAL PROCEEDING
ARISING OUT OF PROCEEDINGS BEFORE THE 223RD DISTRICT COURT
OF GRAY COUNTY; NO. 35,931; HONORABLE PHIL VANDERPOOL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Bobby Wayne Smith, seeks a writ of mandamus to compel the Honorable Phil Vanderpool to vacate a temporary order entered November 6, 2012, in a suit affecting the parent-child relationship, wherein Smith seeks to modify his rights as a joint managing conservator to include the exclusive right to establish the primary residence of his three children. More specifically, Smith seeks to have this Court compel Judge Vanderpool to rescind his interlocutory finding that a geographic restriction pertaining to the primary residence of the children no longer applies

according to the terms and conditions of a *Final Decree of Divorce* entered October 13, 2010. For the reasons expressed herein, we deny Smith's request for relief.

## BACKGROUND

Bobby Wayne Smith and Melissa Ann Black were divorced on October 13, 2010. Their *Final Decree of Divorce* appointed them as joint managing conservators of their three children, with Black having the "exclusive right to designate the primary residence of the children within 100 miles of Gray County, Texas." The decree further provided that "this geographical restriction on the residence of the children shall be lifted if . . . Smith does not reside within 100 miles of Gray County, Texas." As fate would have it, Smith moved from Gray County (albeit a dispute exists as to whether that move was more than "100 miles from Gray County" depending on your construction of the decree) and Black established the children's primary residence in Sioux Falls, South Dakota (a residence clearly not within 100 miles of Gray County under any construction of the decree).

Smith filed a petition to modify the parent-child relationship seeking the exclusive right to designate the primary residence of the children, and further seeking to temporarily and permanently enjoin Black from moving the children to South Dakota. Black filed a counterpetition seeking a declaratory judgment that the residence restriction had been lifted by the express terms of the decree, and alternatively seeking an order lifting that restriction by modification of the previous order. Both parties also

2

requested temporary orders pertaining to possession and access, as well as the recovery of attorney's fees.

A hearing was held on August 28, 2012, where evidence was admitted by stipulation. On August 29, 2012, the trial court issued a letter ruling wherein he announced his preliminary decision that the geographic restriction had been "lifted" and was no longer applicable.[1] Thereafter, on November 6, 2012, the trial court signed temporary orders establishing rights of possession and access consistent with parents residing more than 100 miles apart and finding that the geographic restriction in this case had been lifted. The temporary orders neither granted nor denied injunctive relief or awarded attorney's fees. On November 21st, Smith filed his petition for writ of mandamus.

## MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). In order to be entitled to relief by writ of mandamus, a relator must meet two basic requirements: (1) it must be shown that the trial court clearly abused its discretion, and (2) it must be shown that there is no adequate remedy by appeal. *In re Ford Motor Co.,* 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 840-44 (Tex. 1992)

---

[1] Judge Vanderpool's four page letter ruling is akin to an opinion wherein he sets forth the legal precedents relied upon and analysis employed in reaching his ultimate conclusion. Without expressing an opinion one way or the other as to the correctness of that conclusion (a matter more appropriately left to the appellate process), we applaud his effort to fully inform both the parties and counsel of the basis of his ruling.

(orig. proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). While this standard usually applies to a trial court's failure to perform a ministerial duty, an incorrect construction of the law or a misapplication of the law to undisputed facts is an abuse of discretion which can be addressed by mandamus. *Walker,* 827 S.W.2d at 840.

As to the requirement of establishing no adequate remedy by appeal, the relator must also show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007) (orig. proceeding). The relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. Because there is no comprehensive definition of the word *adequate*, the determination of whether or not there is an "adequate remedy" by appeal is a matter left to the sound discretion of the compelling court after a "careful balance of jurisprudential considerations," including both public and private interests. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding) (balancing approach utilized to determine the adequacy issue, stating that an appeal was an adequate remedy when "any benefits to mandamus review are outweighed by the detriments"); *In re Robison,*

335 S.W.3d 776, 783 (Tex.App.—Amarillo 2011) (orig. proceeding) (finding that an appellate court should consider the merits of the underlying dispute when applying the balancing approach to the determination of the adequacy of an appeal).[2]

## ANALYSIS

In truth and in fact what Smith seeks is an appellate review of the trial court's decision that the geographic restriction on the primary residence of the children has been lifted. As such, this proceeding is little more than an interlocutory appeal disguised as a petition for mandamus. As a basis for this Court's authority to issue a writ of mandamus, Smith cites section 15.6042 of the Texas Civil Practice and Remedies Code. This provision states that a party may apply for a writ of mandamus "to enforce the mandatory venue provisions of [Chapter 15]" and it has no application to this case. Here, Smith need only reduce the temporary order in question to a final judgment in order to appeal Judge Vanderpool's decision. In the petition now before us Smith has not alleged, much less proven, that he has no adequate remedy by way of an appeal from a final judgment. Accordingly, he has failed to establish a right to the relief requested.

## CONCLUSION

Relator's petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice

Campbell, J., concurring.

---

[2] *See generally In re West Star Transportation, Inc.*, 2012 Tex. LEXIS (Tex. May 18, 2011) (denying subsequent petition for writ of mandamus between the same parties as in *Robison*).